CASE 54.—ACTION BY TRIMBLE COUNTY AGAINST CLAUDE
B. TERRELL TO RECOVER MONEY IMPROPERLY
ALLOWED HIM AS COUNTY ATTORNEY.—March
24.

# Terrell v. Trimble County

128  519
130  428
131  380

Appeal from Trimble Circuit Court.

R. F. PEAK, Circuit Judge.

Judgment for plaintiff.   Defendant appeals.—Reversed.

1. District and Prosecuting Attorneys—Duties.—Under Ky. St.
1903, section 127, making it a county attorney's duty to prosecute all cases in his county in which the county is interested,
and when so directed by the fiscal court to institute actions
before any court in the Commonwealth in which the county
is interested, it is his duty to conduct a proceeding to ascertain the amount of taxes due and unpaid preliminary to a
suit for their collection, when directed to do so by the fiscal
court.
2. Same—Compensation.—The salary paid to a county attorney
for his services under the express provisions of Ky. St. 1903,
section 132, is in full for all his official services, including
those required of him expressly by the statute and those
rendered by direction of the fiscal court in the prosecution
and defense of actions under Ky. St. 1903, section 127, and,
where the salary has been fixed by the fiscal court, it has,
under the express provisions of Const. section 161, no power
to diminish his compensation during the term for which he
was elected, nor to increase it by allowing him a commission on unpaid taxes collected by him.
3. Counties—County Expenses—Expenses of County Attorney.—
A county is entitled to a county attorney's personal time and
attention, but when it requires him to go outside the county
and attend to its business, it is liable for the reasonable ex-

penses incurred by him.

4. Same—Hiring Assistant Counsel.—Where the fiscal court directs the county attorney to prosecute a case, and authorizes him to employ counsel to assist him, and acquiesces in such employment, or ratifies it, the county is responsible for the compensation of the counsel so employed.

WILLIAM CROMWELL for appellant.

POINTS AND AUTHORITIES.

1. Unless the service performed by the officer be prescribed as a duty by the statute, it is not exofficio.

2. The statute does not require the county attorney to leave his county and spend his money in the effort to obtain data and facts upon which to predicate an action, and if he does so, under an agreement with the fiscal court to compensate him for the time and trouble consumed outside of his county and to reimburse for money spent in such effort, his acts so done are not exofficio. (Tyler v. Smith, 18 B. Mon., 799; Ky. Stats., 4011; Acts 1904, 113.)

G. W. PEAK, Jr., for appellee.

There is no provision of the Kentucky Statutes which authorizes the fiscal court to pay the county attorney for collecting interest on liquor tax.

AUTHORITIES CITED.

Wortham v. Grayson County Court, 13 Bush, 53; Perry County v. Engle, 76 S. W. 382; Morgantown Deposit Bank, &c. v. Johnson, Sheriff, &c., 56 S. W., 825; Young v. Jefferson County, advance sheet, 100 S. W., 355; Mitchell, Jailor v. Henry County, advance sheet, 30 Ky. Law Rep., 1051; Commonwealth v. Carter, 55 S. W., 70 ; Jefferson County v. Waters, 70 S. W., 40; McNew Nicholas County, advance sheet, 100 S. W., 324; McCracken County v. Reed, advance sheet, 101 S. W., 348; Spalding, County Atty., v. Thornbury, advance sheet, 103 S. W., 291.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

At the regular November election, 1901, Claude B. Terrell was elected county attorney of Trimble county.

He qualified and entered upon the discharge of the duties of the office January 6, 1902. By an order made at the October term, 1902, the salary of the county attorney was fixed at $400 per year. On January 23, 1905, the fiscal court entered the following order: "It appearing to the satisfaction of the court that Harry M. Levy, owner and proprietor of the Richwood Distillery of Trimble county, Ky., is indebted to Trimble county for interest due on taxes due on whisky during the bonded period, or until withdrawn from bond, and the tax paid thereon, it is therefore ordered, all the justices voting in the affirmative, that Claude B. Terrell, county attorney, be, and he is hereby, empowered to collect said interest due, and to institute suit for the same against the said Richwood Distillery, or the proprietor thereof, if necessary to recover the amount due thereon, and he is empowered to employ such counsel as he may deem necessary to assist him in the prosecution of said suit." Terrell proceeded under the order, and collected taxes to the amount of $1,351.96, and on November 13, 1905, the fiscal court made this order: "It appearing to the satisfaction of the court that Claude B. Terrell has collected of the Richwood Distillery Company the sum of $1,351.96 as interest on whisky tax, it is now ordered that he be, and he is hereby, allowed 25 per cent. of the amount so collected, said per cent. to be retained by him out of the sum collected by him, and it is further ordered that he be allowed a like sum per cent. for any other back taxes collected by him." Terrell retained 25 per cent. of the amount he had collected, amounting to $337.99, and paid over the balance to the county. On October 3, 1906, the fiscal court made an order directing the county attorney then in office to collect from the former county attorney Claude B. Terrell the

money which he had retained under the order of the former fiscal court, there having been a change of magistrates in the meantime. Thereupon this suit was brought in the name of Trimble county against Claude B. Terrell to recover the money. He answered, setting up all of the facts as above stated, and also alleged that in discharging the duties required of him by the fiscal court he had expended in his necessary expenses a sum in excess of $100, as he had to make trips to Louisville, Covington, Frankfort, and other places to obtain the necessary information and attend to the matter. He further alleged that the sum allowed him was only a reasonable compensation for the services which he had rendered, and that he had paid his expenses out of his own means. The circuit court sustained a demurrer to the answer, and Terrell appeals.

It is not material that Terrell did not bring a suit to collect the taxes. The fact that the taxpayer paid over the taxes without suit gives him no right to compensation which he would not have if he had brought a suit against the taxpayer which had been prosecuted to judgment or settled before trial. The ascertainment of amount of taxes due was preliminary to a suit, and it was the duty of the county attorney to conduct a proceeding of this character, when directed by the fiscal court, under section 127 of the Kentucky Statutes of 1903. The fiscal court had fixed by a previous order the reasonable salary to be paid annually to the county attorney for his services under section 132 of the Kentucky Statutes of 1903, and this allowance was in full of all his official services as county attorney, including both those required of him expressly by the statute or which he rendered upon direction of the fiscal court or the county court, under sec. 127 of the Kentucky Stat-

utes of 1903. When the fiscal court had fixed his com-
pensation, it was without power to increase or dimin-
ish his compensation during the term for which he
was elected, under section 161 of the Constitution.
And it was his duty to perform all his official duties
for the compensation so fixed. The fiscal court was
without authority to allow him other compensation for
his official services, for this would be to increase his
compensation during his term of office. The order of
the fiscal court, therefore, allowing him to retain the
25 per cent. of the amount which he had collected, was
in violation of the Constitution and void. The money
which he retained under that order was the money of
the county, as the fiscal court has no authority to dis-
pose of the money of the county, except as may be pro-
vided by law. See Spalding v. Thornberry, 103 S. W.
291, 31 Ky. L. R. 738; McNew v. Common-
wealth, 123 Ky. 115, 93 S. W. 1047, 29 Ky. L.
R. 540; McNew v. Nicholas County, 125 Ky. 66,
100 S. W. 324, 30 Ky. L. R. 1147, and Butler v. James,
116 Ky. 575, 76 S. W. 402, 25 Ky. L. R. But while
it was the duty of Terrell, when directed by the fiscal
court to institute proceedings to collect the taxes
referred to in any court of the Commonwealth, it was
not incumbent upon him to pay his own expenses nec-
essarily incurred in discharging the duties required
of him by the fiscal court. The county was entitled to
his personal time and attention; but when it required
him to leave his county and attend to its business, like
any other client who sends his attorney off to attend
to his business it should bear his reasonable expenses
incurred in the prosecution of the business. This
schould include, not only his personal expenses, but
any sums paid in securing other counsel, or in the nec-
essary prosecution of the work. The court erred in

sustaining the demurrer to the answer in so far as it set up the expenses incurred by Terrell. To the extent. of his reasonable expenses he was entitled to retain the money in his hands, and was only liable for the balance over and above the reasonable expenses. .When the fiscal court directs the county attorney to proceed with the case, and authorizes him to employ counsel to assist him, and acquiesces in such employment, or ratifies it, the compensation of such additional counsel is a proper charge against the county, and such sums as may be paid to the counsel thus employed by the authority of the fiscal court, and with its acquiescence, are properly paid.

The judgment is reversed, and cause remanded for further proceedings consistent therewith.