CASE 55.—ACTION BY J. T. SLATON AGAINST J. L. ROGERS
TO RECOVER MONEY IMPROPERLY PAID HIM AS
COUNTY ATTORNEY.—November 17.

# Rogers v. Slaton

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDG⁻ Circuit Judge.

Judgment for plaintiff, defendant appeals — Reversed.

1. District and Prosecuting Attorneys—Compensation.—A county
attorney is not entitled to compensation, in addition to his
salary, for services in the State courts, in suits to collect
taxes due the county, but he should be credited with
such sums as he actually pays to associate counsel, and such
further sums as were expended by him in looking after the
tax collections in courts in counties other than his own, and
for his personal services in suits in the federal courts.

2. District and Prosecuting Attorneys—Compensation.—The fiscal
court made an order authorizing the county attorney to insti-
tute proceedings to collect back taxes on property not listed
or assessed for taxation, and directed that he be allowed a
sum equal to 25 per cent. of the amount he collected. The
county attorney was in the receipt of a salary of $500 a
year, and continued to receive this amount during the term
of his office, and for a subsequent term to which he was
elected. Held, that by this order the court attempted to
increase the compensation of the county attorney who was
then in office, and did not attempt to fix the annual com-
pensation of the county attorney who should thereafter be
elected.

3. District and Prosecuting Attorneys — Compensation. — Where
the fiscal court by an invalid order attempts to allow the
county attorney a percentage of all back taxes collected, that
the attorney accepted from the fiscal court a sum less than
that to which, under the contract, he was entitled constitutes

Rogers v. Slaton.

no defense in an action to recover the amount paid him.

L. A. NUCKOLS for appellant.

THOMAS W. THOMAS and T. L. EDELEN of counsel.

PROPOSITIONS DISCUSSED AND AUTHORITIES CITED.

POINTS AND AUTHORITIES.

1. The services ordered were not embraced in the official duties of the county attorney. (Southern Ry. Co., &c. v. Coulter, &c., 24 Ky. Law Rep., 203; Kentucky Stats., secs. 126, 127, 4241; Acts 1906, Chap. 22, art. 17, p. 230; Ky. Stats., 4068, 4440; Campbell County v. N. & C. Bridge Co., 23 Ky. Law Rep., 2058, 66 S. W., 526.)

2. Even if the services are to be considered as coming within the official duties of the county attorney, he is entitled to receive reasonable compensation for their performance. (Ky. Stats., 126, 127; Harrison v. Com., 83 Ky., 162; Greenleaf, Judge v. Woods, Mayor, 96 S. W., 458, 29 Ky. Law Rep., 722; Fiscal Court of Jefferson County v. Pflanz, 104 S. W., 1002; Harrington v. Santa Clara County, 44 Cal., 506; Jones v. Morgan (Cal.), 7 Pac., 733; Leavenworth v. Brewer, 9 Kansas, 210; Huffman v. Greenwood County, 23 Kan., 197; Kentucky Stats., sec. 1749, subsec. 2; Collingsworth County v. Meyers, (Texas), 35 S. W., 414.)

3. The order of October 10th, 1900, fixing compensation for the collection of the taxes is to be read in connection with such other order as was afterwards made by the fiscal court fixing the annual allowance to the attorney for his second term of office during which term taxes were actually collected and the compensation received by him and there was therefore no increase of compensation during that term.

4. The compromise of the claim of the attorney and his associate counsel against the county for services rendered. (State v. Ferris (Tenn.), 56 S. W., 1039.)

5. The money having been paid to the attorney under an order of the fiscal court, it can not be recovered from him at the suit of the county, in the absence of fraud or mistake of fact. (Supervisors of Onondega County v. Briggs, 2 Denio (N. Y.), 26; Cox v. Mayor (N. Y.), 9 N. E., (1886); American Bridge Co. v. Wheeler (Wash.), 76 Ac., 534; St. Francis Co. v. Roleson (Ark.), 49 S. W., 451; State, ex rel, Brantley v. Farris, Judge (Tenn.), 56 S. W., 1039; Callahan, Judge, v. Sallaway (Tex.) 23 S. W., 837; Sioux County v. Jameson (Neb.), 71 N. W., 596; Heald v.

Polk, (Neb.) 64 N. W., 376; Commissioners Ottawa County v. Auditor, 7 Ohio, N. P., 400; State v. Shipman, 28 S. W., 842; State v. Ewing, 22 S. W., 476; Smelson v. State, 16 Ind., 31; Scott v. Leftwitch, 46 S. W., 965; Prebles v. Chism, 5 T. B. Mon., 158; County of Boone v. Dills, 5 Ky. Law Rep., 135, Ib., 5 Ky. Law Rep., 686; Taxarkana v. Weeks (Ark.), 6 S. W., 504 (1887); Tacoma v. Lillis (Wash.), L. R. A., 372; Hopkins County v. Givens, 96 S. W., 819, 29 Ky. Law Rep., 933; Morgantown Deposit Bank v. Johnson, 108 Ky., 507.)

6. The services having been performed by the attorney under the direction of the fiscal court, with the understanding on the part of all parties that he was to receive compensation therefor. he should be allowed to retain the reasonable value of the services performed. (Commonwealth v. Barker (Ky.), 103 S. W. 303, at page 304; U. S. v. Flanders, 112 U. S., 88.)

BELCHER & SPARKS for appellant.

THOMAS W. THOMAS, T. L. EDELEN and L. A. NUCKOLS of counsel.

## POINTS AND AUTHORITIES.

1. The services performed by appellant were outside of his official duty, and therefore the fiscal court had the right to pay for said services. (Slaton v. Rogers, 107 S. W., 696.)

2. The fiscal court acted within its jurisdiction in employing him and paying him, and the matter can not be opened in a collateral proceeding. (Boone Co. v. Dills, 5 Ky. Law Rep.,; and Manuscript Opinion.)

WILLIS & MEREDITH and HAZELRIGG, CHENAULT & HAZELRIGG for appellee.

1. The denial of appellant's right to the commission claimed by him is not based on the constitutional prohibition against increase (or change) of compensation during his term, hence his contention that his contract for commission was made before his second term began is no defense to this action.

2. The ground of rejection of his claim, is that whatever service he performed he in fact performed it as part of his official duties. Moreover there was no proceeding ever instituted to collect taxes of any kind due Muhlenburg County. The State board had been sued by the railroads to prevent apportionment of franchise tax to the counties, and that board through the

attorney general was defending and was perfectly competent to defend that action, and it was clearly beyond the scope of the fiscal court's limited authority, as defined in section 1840, Kentucky Statutes, to employ lawyers to assist the attorney general in the performance of his duty.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

J. L. Rogers was the county attorney of Muhlenberg county. On October 10, 1900, the fiscal court of said county made the following order: "Ordered that county attorney, J. L. Rogers, be and is hereby authorized to institute any legal proceedings he may deem proper to collect back taxes upon property not heretofore listed, certified òr assessed for taxation, and that he be allowed a sum equal to 25 per cent. of the amount he may cause to be collected for the county by any motion, suit, proceeding or otherwise, heretofore or hereafter begun." Under this authority he collected a large sum of money for the county, and for said services under his contract he was paid the sum of $4,801.22. Thereafter appellee, T. J. Slaton, a taxpayer, suing in his own behalf and in behalf of all other taxpayers of the county, filed suit against said county attorney and the members of the fiscal court, in which he recited the fact that at the time this contract was entered into the said Rogers was the regularly elected and qualified county attorney for Muhlenberg county, and that during each year that he held the office he was paid an annual salary out of the general expense fund of said county, and that the annual salary so paid to him was a reasonable salary for the services which he rendered, that he had no right to receive the additional compensation, and that the orders making the employment and paying

for same were illegal and void.  He prayed judgment against the county attorney for the amount which he had received under said orders, with interest from the date of its payment.  The defendant, Rogers, demurred to the petition and, pending the demurrer, filed an answer in three paragraphs.  In the first paragraph he pleaded that the annual salary of $500 which he received was intended to be his compensation for the discharge of the ordinary duties pertaining to his office as county attorney, and was not intended to be a general compensation for the performance of the services mentioned in the petition.  That, taking these services into consideration, the annual compensation was not at all adequate or reasonable.  That at the time the contract was made with the county it was understood he would associate other counsel with him in his effort to collect these taxes, and it was agreed between himself and the fiscal court that W. O. Davis should be such counsel, but by mistake and oversight on the part of the draftsman this part of the understanding and agreement of the fiscal court was omitted from the order.  That later, however, the orders of the fiscal court in dealing with this matter recognized that said Davis had been so employed, and was assisting the county attorney in his efforts to collect this tax; that the services were reasonably worth much more than the price which the fiscal court paid to himself and Davis; that a large part of the money received by him was paid to Mr. Davis for his services; that in addition to this he was compelled to and did expend large sums of money in going to courts, State and federal, in other counties, in his efforts to collect the tax referred to in the order, under which he was acting.  He denied that the orders were void, or that any money had

been wrongfully paid to him. In the second para-
graph he recited that he had collected for the county
$24,405, and that under the contract he should have
received $6,601.25, but that by agreement between
himself and associate counsel and the fiscal court
they had accepted the sum of $4,801.22 in satisfaction
of their claim for services, and he pleaded this settle-
ment in bar to plaintiff's right to recover. In the
third paragraph he pleaded that on October 10, 1900,
when the contract was entered into, he had not been
elected to office for the second term, and, as the con-
tract for the contingent compensation was made prior
to his election for the second term in 1902, that there-
fore he entered upon his second term of office in 1902
with this contingent contract in full force and effect,
that a large part of the services rendered in his
efforts to collect this money were rendered during the
second term of office, and that the entire amount col-
lected for the county was actually collected during
that term, and the amount paid to him was paid dur-
ing that term. To this answer a general demurrer
was filed. The case was submitted upon the de-
murrers to the petition and the answer, and the
demurrer to the petition was overruled and sustained
as to the answer. The defendant, the county attor-
ney, having declined to plead further, judgment was
entered against him for the full amount of the claim
sued for, and he appeals.

Questions similar to these have recently been before
the court in the cases of Terrell v. Trimble County,
128 Ky. 519, 108 S. W. 848, 33 Ky. Law Rep.
364, and Spalding v. Thornbury, 128 Ky. 533,
108 S. W. 906, 33 Ky. Law Rep. 362. In
these cases, after full consideration, it was held that
the county attorney was entitled to no extra compen-

sation whatever for services which he rendered in person in the State courts, in his efforts to collect taxes due the county, as this was clearly a part of his official duty, but that he should be credited with such sum as he actually paid to associate counsel, and such further sums as were expended by him in looking after the collection of this tax in courts in counties other than his own. He is also entitled to pay for his personal services in looking after litigation in the federal courts. The first paragraph of the answer, therefore, presented a defense to at least a part of plaintiff's claim, and the county attorney should have been permitted to show what sums he paid to Davis, his associate counsel, and what expenses he incurred in attending courts in counties other than his own in his efforts to collect this tax. No defense is presented in either the second or third paragraph of the answer.

On October 10th, when the contract under which this special service was rendered, was entered into, appellant was in office discharging the duties of county attorney, under a salary that had theretofore been fixed at $500 per annum. If any additional compensation whatever could be allowed him for this service, it would have to be under this contract of date October 10th. It cannot be said that in making this order the fiscal court of Muhlenberg county was attempting to fix the annual compensation of the county attorney who should thereafter be elected and inducted into office. On the contrary, it is plain that the attention of the members of the fiscal court having been called to the fact that certain corporations had not been paying to the county taxes to which she was entitled, they were willing to pay to the county attorney an additional compensation for his efforts to collect this tax, and this additional sum agreed upon.

as evidence by the order, was one-fourth of what he might recover. The best evidence that neither the county attorney nor the fiscal court looked upon this order of October 10th as in no wise changing the order which had theretofore been made, fixing the compensation of the county attorney is found in the fact that they continued to pay him and he continued to receive the same annual salary as had theretofore been paid him. This order must be construed as an attempt, on the part of the fiscal court, to pay to the county attorney an extra compensation for the collection of this tax. Both appellant and the fiscal court regarded the effort of the county attorney to collect this money as a special service for which they attempted to give him extra compensation. That such was the understanding between the parties at the time the contract was made and the order entered there can be no doubt. This being true, it cannot now be claimed that the order was in fact intended to enlarge the compensation of the county attorney who should be elected in 1902, and we are of opinion that the court did not err in holding that this paragraph of the answer presented no defense. The fact that appellant accepted from the fiscal court a sum less than that to which, under the contract, he was entitled, affords him no protection, for the order itself was, so far as he was concerned, void.

He is permitted to take credit for the sums paid to associate counsel and incurred as expenses, not under the contract, but because, as the representative of the county, he expended these sums in his efforts to collect the tax, and for this reason they should properly be allowed to him. As county attorney, he owed to the county his best services in his efforts to collect this tax. but it was in no wise incumbent upon him to

Rogers v. Slaton.

pay his own expenses in going into other counties to look after the collection of same, nor was he called upon to employ counsel to assist him. Hence these items of expense are proper charges against the county, and the trial court erred in requiring him to pay back to the county the full amount he had received in attempting to collect this tax. If he was called upon to appear in the federal court, he should be allowed to show the reasonable value of such service, and for this he is entitled to pay, for under his duty to the county he was only required to look after the interests of the county in litigation in the State courts. The court should have required him to pay only so much of the full amount received as remained after deducting the fee which he paid to associate counsel, and the legitimate expenses which he had incurred in looking after the litigation in counties other than his own, and a reasonable fee for his services, if any, in the federal court.

For the reasons indicated the judgment is reversed and cause remanded, for further proceedings consistent with this opinion.