## County of Jefferson v. Jefferson County Fiscal Court.

(Decided December 11, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Appeal—By County Attorney on Order of County Court—Employment of Counsel.—When an appeal is taken from an order of the fiscal court by the county attorney on the order of the county court, the fiscal court has authority to employ counsel to represent that court on appeal.

A. SCOTT BULLITT and J. L. SULLIVAN for appellant.

THUM & ROY for appellee.

Opinion of the Court by Chief Justice Hobson— Affirming.

Pursuant to an act of 1914 (see Acts of 1914, page 124), the Fiscal Court of Jefferson County, on May 28, 1914, entered an order for the purchase of two automobiles, and on June 30, 1914, it entered an order adopting certain rules. The county attorney, by the direction of the County Court took an appeal, from the orders of the Fiscal Court to the Circuit Court, and on July 7, 1914, the Fiscal Court entered an order that whereas the county attorney was compelled by law to prosecute the appeals, leaving it without a legal representative to make defense thereto, Thum & Roy, as attorneys, were employed to represent it on each of the appeals, and do all things necessary and proper to protect the rights and interests of the court; from this order the county attorney, by the direction of the County Court, took an appeal to the Circuit Court, and, the case being there heard, the Circuit Court sustained the action of the Fiscal Court in employing attorneys to represent it on the appeals

above referred to. From the judgment of the Circuit Court the appeal before us is prosecuted, it being insisted that the Fiscal Court was without authority to employ counsel to represent it on the appeals taken by the county attorney from the order directing the purchase of two automobiles and the order adopting the rules.

The Fiscal Court is vested by the statute (see Kentucky Statutes, Section 1840), with the power to regulate and control the fiscal affairs of the county. It is given power to do certain enumerated things, and it may do these things and such other things as are incidental thereto. (Jefferson Co. v. Young, 120 Ky., 456).

We have often sustained the power of the Fiscal Court to employ counsel to represent the county where its interests were concerned. (Terrell v. Trimble County, 128 Ky., 519; Scoville v. Baugh, 27 R., 319; Garrard County Court v. McKee, 11 Bush, 234. The power to regulate and control the fiscal affairs of the county necessarily carries with it the power to employ counsel, when counsel is necessary to protect the interest of the county. A majority of the Fiscal Court speaks for the court. An order entered by a majority vote has the same effect as one entered unanimously. The statute provides for an appeal by the county attorney from any order of the Fiscal Court, and when he so appeals, he can represent but one side of the controversy. The other side must be unrepresented unless the Fiscal Court has power to employ counsel although the interest of the county may require that the action of the Fiscal Court shall be sustained; for it is not the contemplation of the statute that in such cases the county shall be dependent upon counsel employed by private persons at their own expense. A judicial hearing presupposes that both sides are represented by counsel. Justice may often go wrong if only one side of the controversy is presented, and the county attorney would, under the practice contended for, have entire control of the matter and could delay the case as long as he saw fit. This was not the contemplation of the statute in allowing the appeal; its purpose was that both sides should be heard and that each should have an equal opportunity in bringing the case to trial, and bringing out the truth to the court.

We therefore conclude that the Circuit Court properly held that the order of the Fiscal Court employing

counsel to represent Jefferson County, on the appeal, was within its jurisdiction.

Judgment affirmed.