## Estill County v. Wallace.

(Decided March 25, 1927.)

### Appeal from Estill Circuit Court.

1. Counties.—Where fiscal court has power to make appropriation, its action is conclusive unless reversed on appeal, but, if it acts without authority of law, appropriation is void and county may recover sum so paid in direct proceeding for that purpose.

2. Counties.—County, through its fiscal court, may ratify a contract which it had power, in first instance, to make.

3. Counties.—Fiscal court may adjust and compromise any claims growing out of its bonded indebtedness, and, in case of necessity, may employ agent to represent and protect its interest.

4. Counties.—Where fiscal court, by availing itself of services of county treasurer in settling and adjusting outstanding claims and judgments arising out of bonded indebtedness and paying therefor, ratified contract of employment, county cannot recover sum paid therefor.

H. E. HAY for appellant.

RIDDELL & SHUMATE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

In this action by Estill county against James A. Wallace to recover the sum of $5,000.00 paid him for his services in settling claims and judgments against the county arising out of the R. N. I. & B. R. R. bond issue, a demurrer was sustained to the petition and the petition was dismissed. Estill county appeals.

The allegations of the petition are, in substance, as follows: Plaintiff is a municipal corporation with power to sue. Its fiscal affairs are controlled by the fiscal court, composed of several justices of the peace and the county judge. The expenditure of its money can only be made in accord with and when authorized by the statutory laws of the state of Kentucky. On December 31, 1921, the fiscal court was composed of certain members. At a meeting of the court held on that date the following order was made, signed and recorded in Order Book No. 1, page 299, of the Estill fiscal court:

"Came James A. Wallace, in person, and by Hugh Riddell, attorney, and moved the court to make him an allowance for the services rendered Estill county in settling claims and judgments against the

said county, and it appearing that said Wallace has rendered valuable service to the county in settling claims and judgments against the county arising out of the R. N. I. & B. R. R. bond issue, and that by his efforts he has saved the county considerable sum of money, and that he has given his time and paid his expenses during said services for the county, it is ordered that the said James A. Wallace, be paid the sum of five thousand dollars, for his services and expenses. $5,000.00.''

A voucher was then issued by the clerk of the fiscal court, and thereupon the treasurer paid to Wallace the sum of $5,000.00. When the order was made Wallace was the county treasurer and had been county treasurer for four years. The fiscal court was without authority to make the order, the county clerk had no right or authority to issue the voucher and the county treasurer had no right or authority to make the payment to Wallace, and Wallace was indebted to the county in the sum of $5,000.00, with interest from December 31, 1901, until paid.

This is not a case where it is sought to hold the county liable on an implied contract, but a case where the services were rendered and paid for, and the county is seeking to recover the amount so paid on the ground that the appropriation was void. Where the fiscal court has the power to make the appropriation its action is conclusive unless reversed on appeal, but if it acts without authority of law the appropriation is void and the county may recover the sum so paid in a direct proceeding for that purpose. Commonwealth v. Richmond, 148 Ky. 849, 147 S. W. 913; Logan County v. Russell, 203 Ky. 592, 262 S. W. 953. The petition does not allege that the order therein copied was the only order bearing on the question. Hence, for aught that the petition shows, Wallace may have been duly employed to render the services by an order theretofore made by the fiscal court. But, passing this phase of the question and assuming that the order set out in the petition was the only order ever made by the fiscal court, it must not be overlooked that the county, through its fiscal court, may ratify a contract which it had the power in the first instance to make. Carter v. Krueger & Son, 175 Ky. 399, 194 S. W. 553. The fiscal court has the power ''to regulate and control the fiscal affairs and property of the county,'' and this power

has often been construed to carry with it the power to employ counsel to represent the county and protect its interests. Jefferson County v. Jefferson Fiscal Court, 161 Ky. 538, 170 S. W. 1171; Terrell v. Trimble County, 128 Ky. 519, 108 S. W. 848; Scoville v. Baugh, 84 S. W. 1146, 27 Ky. Law Rep. 319; Garrard County v. McKee, 11 Bush 234. There can be no doubt that the fiscal court may adjust and compromise any claims or judgments growing out of its bonded indebtedness, and where the indebtedness is large, and owing to several persons, and, in the judgment of the fiscal court, the matter is of such importance as to require the services of an experienced and practical business man, we see no reason why the fiscal court may not employ such a man as agent instead of an attorney to represent and protect the interests of the county. Indeed, the precise question was decided in Slayton v. Rogers, 128 Ky. 106, 107 S. W. 696, a case where Slayton, a taxpayer, sued to recover the sum of $500.00, which had been allowed Rogers for services performed under an appointment by the fiscal court to act as commissioner in the settlement and compromise of the bonded indebtedness of the county. In holding that there could be no recovery we said:

"The fiscal court is authorized to fund its indebtedness; and this power carries with it the power to employ such agents and attorneys as may be necessary for that purpose."

The fact that Wallace was treasurer when the services were rendered and paid for is wholly immaterial. It was not incumbent on him as county treasurer to settle and adjust outstanding claims and judgments, and the services which he rendered were wholly outside of and independent of his official duties. Slayton v. Rogers, *supra.* As the fiscal court had the power to employ Mr. Wallace in the first instance, it had the power, even though his employment was informal, to ratify the contract. This it did by availing itself of his services and paying therefor. In the circumstances the county can not recover the sum so paid. Commonwealth v. Scarborough, 148 Ky. 561, 147 S. W. 31; Flowers v. Logan, 138 Ky. 59, 127 S. W. 512; 137 Am. St. Rep. 347. It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.