# Pulaski County v. Farmers' National Bank of Somerset.

(Decided June 22, 1928.)

## Appeal from Pulaski Circuit Court.

1. Counties.—A county through its proper officers may ratify an unauthorized contract made in its behalf, provided the contract is one that the county could have made in the first instance.

2. Counties.—Petition in action against county to recover amount of warrants or vouchers issued by county judge, alleging warrants were issued for work done and materials furnished for various roads and bridges of county, and subsequent ratification thereof by resolution adopted by fiscal court, held to state cause of action.

G. W. SHADOAN, KENNEDY & JONES and DENTON & PERKINS for appellant.

W. BOYD MORROW and WESLEY & SON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This action was instituted in the Pulaski circuit court by the Farmers' National Bank of Somerset to recover the sum of $13,079.98, the amount of a large number of warrants or vouchers issued by the county judge of Pulaski county and directed to the county treasurer directing him to pay the respective amounts thereof. The warrants were issued for work performed on and materials furnished for the county roads. Practically all of the warrants in question were issued during the years 1921 and 1922, and for valuable consideration were transferred and assigned to the appellee bank. Interest was paid on all of the warrants by the county up to December, 1925; thereafter the bank presented the warrants to the treasurer of the county for payment, which was refused.

The petition alleges in substance that the warrants were issued by the county judge to different persons for work done and material furnished for the various roads and bridges of the county, and that the Pulaski fiscal court on December 31, 1921, entered an order upon its order book confirming, accepting and ratifying as the acts of such court all the acts of the county judge and the county court with reference to roads, road construction, and road improvements, and that a similar order was made with reference to the vouchers issued in 1922. A

copy of the order of the fiscal court referred to in the petition was filed as an exhibit. The order reads:

"On motion of Esq. Hargis, seconded by Esq. Catron and all present and concurring the following written resolution was adopted: 'Be it resolved by the fiscal court of Pulaski county, that all the acts of the county court, the county judge, this court and the members of this court acting as agents and committees in contracting on behalf of the county, both road construction and road improvement and for any business of the county, are hereby confirmed, accepted and ratified as the acts of this court. Be it further resolved that all payments made on contracts of this court by the county judge, and the county court and committees are hereby accepted and ratified and confirmed and made the acts of this court.' "

An amended petition was filed in which it is alleged that the work and labor performed by the several parties mentioned in the petition was done and performed under the direction of the county judge and the proper authorities of the county, and was accepted and received by the county and by the county judge; that all of the vouchers referred to in the petition were just claims against Pulaski county, and that each was issued for work actually done and for material actually furnished to the county at its special instance and request, which labor and material was accepted and received by the county, and that the work was done under the direction of the county judge, county road engineer and the proper officers and authorities of the county, and that the county agreed and promised through its regularly authorized agents and officers to· pay the several sums set out in the petition. It is further alleged in the amended petition that the order ratifying the acts of the county judge and of the members of the fiscal court was duly and regularly passed by the Pulaski fiscal court with full knowledge and information that each and all of the vouchers sued on had been issued as set out in the petition and amended petition, and was passed for the purpose of ratifying the contracts upon which these vouchers were based and of validating each and all such warrants or vouchers.

A demurrer to the petition as amended was over-ruled, and the defendant, Pulaski county, declining to plead further, judgment was entered in favor of the bank for the full amount of its debt. The county has appealed.

The sole question presented to this court for its determination is: Did the petition as amended state a cause of action? Whether the debt created by the contracts in consideration of which the warrants sued on were issued was incurred in violation of section 157 of the Constitution is not in issue. It is a well-established principle that a county through its proper officers may ratify an unauthorized contract made in its behalf provided the contract is one that the county could have made in the first instance. The warrants in question were issued for labor performed on the county roads and material furnished therefor, and these were contracts which the fiscal court could have made in the first instance, and this court has held that the fiscal court may ratify an unauthorized contract made in behalf of the county if the contract is one that the fiscal court could have made originally. Estill County v. Wallace, 219 Ky. 174, 292 S. W. 816; Carter v. Krueger & Sons, 175 Ky. 399, 194 S. W. 553; O'Kelly v. Lockwood, 154 Ky. 544, 157 S. W. 1096; Flowers v. Logan County, 138 Ky. 59, 217 S. W. 512, 137 Am. St. Rep. 347.

The allegations of the petition as amended, briefly summarized, are that the warrants or vouchers were issued for work done on the roads of the county and for materials furnished therefor; that the county paid the interest on the warrants up to December, 1925, accepted the work and materials in payment of which the warrants were issued; that the fiscal court by an order duly and properly entered of record has ratified the issual of the warrants and the contracts on which they are based. While the order of the fiscal court does not refer specifically to any particular contract or voucher, it refers to all contracts made for road work and all warrants issued by the county judge in payment thereof, and it is alleged in the amended petition that the ratifying resolution was passed by the fiscal court for the purpose of ratifying each of such contracts and with full knowledge and information that each and all of the vouchers sued on had been issued under the circumstances theretofore set out.

The allegations of the petition as amended are substantially the same as the allegations of the petition in

Citizens' National Bank of Somerset v. Pulaski County, 216 Ky. 332, 287 S. W. 892, which this court held stated a cause of action. In the instant case the amended petition contains the additional allegations relative to the ratifying resolution adopted by the fiscal court. The passage of this resolution was not an admission by the fiscal court of the invalidity of the contracts referred to therein, as suggested by counsel for appellant, but, taking the allegations of the petition as true, the resolution was adopted out of abundant precaution for the purpose of removing any doubt that might exist as to the validity of the contracts.

Being of the opinion that the petition as amended stated a cause of action, the judgment is affirmed.