## Rockcastle River Ry. Co. v. Jewell Coal Co. et al.

(Decided June 22, 1934.)

A. T. W. MANNING for appellant.

C. R. LUKER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In 1913, Williams and McNeill, later known as the Jewell Coal Company, entered into a written contract with the Louisville & Nashville Railroad Company to construct and build for them a spur track beginning at

the end of the A. & M. R. R. and extending a distance of about 1,800 feet to their tipple. Williams and McNeill agreed to pay for the construction of this spur track and also to pay for all repairs necessary to keep it in a condition for use by the L. & N.'s trains and engines in the transportation of cars to and from the mine; the L. & N. to do this repair work from time to time as repairs were needed. They also agreed to pay the L. & N. a certain rental for the use of the steel that entered into the construction of this spur. About this time the appellant, Rockcastle River Railway Company, was anxious to connect up its line of railroad with the L. & N. Railroad. The convenient point of connection was at the place where the connection between the spur track of Williams and McNeill and the A. & M. branch of the L. & N. Railroad was to be made. Due to the narrowness of the valley at this point, it was not possible to make two connections, and so on the 2d day of September, 1913, Williams and McNeill entered into a written contract with the Rockcastle River Railway, giving the latter the right to use the first 662 feet of spur track where it led off from the tracks of the L. & N. At the end of this 662 feet, the Rockcastle River Railway left the spur track and proceeded on its own right of way. In return for this right to use this 662 feet of the spur, the Rockcastle Railway Company agreed to pay to Williams and McNeill one-half of the construction costs of this 662 feet, and also one-half of the cost of the maintenance and one-half of the rentals of the steel used in this 662 feet. This suit was brought by the Jewell Coal Company and Elizabeth McNeill, who now owns all of the stock of that company, to recover from the Rockcastle River Railway Company its half of the cost of the construction of this track, of its maintenance, and of the rentals, less certain minor credits for sums heretofore paid by the appellant. On the trial, the appellees satisfactorily established the cost of the construction, maintenance, repair, and rentals of the entire spur track. The work had been done by the L. & N. R. Company, but the bills rendered by it to the Jewell Coal Company for this work failed to disclose on what part of the spur the work had been done, and the proof for the appellees does not specifically show any particular item of work done or material furnished on any particular part of the spur. The evidence does show, however, that the 662 feet in question was used much more than any other part of the spur, was much

more expensive to repair than the rest of the spur, and was repaired as much and as often as any other part of the spur. The case being tried before the judge without the intervention of a jury, he found that the amount due the appellees from the appellant was $780, and gave judgment accordingly. From that judgment, this appeal is prosecuted.

The judge arrived at the conclusions he did by taking the total cost of the repairs, construction, and rentals, together with interest on the same from the time of their payment and allocating one-third of the same to the 662 feet here in controversy. He then divided the sum so found equally between appellant and appellees as being their respective share of the cost of the construction, maintenance, and rentals of that strip of track. It is earnestly argued by the appellant that in doing this the court made for it a contract different from that which it had entered into; that it did not agree to pay one-half of one-third of these costs of the entire spur of Williams and McNeill, but only one-half of these costs so far as the 662 feet were concerned. The fallacy in the argument of the appellant is that the court required them to pay only one-half of the cost of this 662 feet, but in arriving at what those costs were, he on the whole evidence came to the conclusion that it satisfactorily disclosed that the cost of this 662 feet was fairly one-third of the total cost of the entire spur.

In view of all the facts and circumstances of this case, we cannot say that the judge erred in arriving at this conclusion, for which reason his judgment must be, and it is hereby affirmed.