## Lawrence County et al. v. Stewart et al.

Oct. 21, 1941.

M. J. See for appellant.

Woods, Stewart & Nickell for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

On August 28, 1940, the fiscal court of Lawrence county adopted an order which read in part:

"Upon motion of Ora C. Atkins seconded by John W. Thompson it is ordered that Frank Stewart, Attorney, be allowed $925.00 fee in the Sheriff Proctor Fyffe and G. F. Smith case."

The order was entered on the fiscal court order book, and set out at length the nature of the services rendered by Mr. Stewart. The order concluded:

"It is ordered that the County Court Clerk shall issue and deliver to said J. F. Stewart voucher on the treasurer of Lawrence County in payment of said amount."

It appears that two actions were brought in the Lawrence circuit court by Lawrence county, one against George Smith, sheriff of the county, and one against Proctor Fyffe, former sheriff, to surcharge settlements theretofore made with the fiscal court and to recover certain commissions illegally retained by the defendants. The suits resulted in a recovery of $4,800 from Fyffe and $2,000 from Smith, and the defendants paid these amounts to the county treasurer. The order of the fiscal court allowing Stewart's claim was the first record of his employment as an attorney for the county. Shortly before the suits were instituted, Mr. John H. Ekers was elected county attorney to fill an unexpired term. He was in ill health and had had little experience in the practice of law and he associated with him Mr. Stewart to make the necessary investigations, prepare the pleadings, and conduct the litigation. Apparently this was done with the knowledge and consent of the fiscal court, but no order was entered by the fiscal court authorizing the employment of Stewart. Soon after the conclusion of the litigation Mr. Ekers died, and Mr. M. J. See was appointed county attorney to fill the unexpired term. He conceived that the order of the fiscal court making the allowance of $925 to J. F. Stewart for the services rendered by him in recovering the $6,800 for the county was invalid, and on April 29, 1941, he brought this action in the Lawrence circuit court in behalf of Lawrence county against J. F. Stewart and the fiscal court of Lawrence county seeking a declaration of the

rights of the parties. The defendant J. F. Stewart filed an answer in which he set out in full the order adopted by the Lawrence fiscal court and entered of record on August 28, 1940. He further set out the nature of the services rendered by him. His answer contained the following allegation:

"Defendant further states that the Lawrence Fiscal Court, after the filing of said suits, was fully advised of the nature and purpose of said actions and had knowledge at and before the recovery thereof that Lawrence County was to pay an attorney fee to your answering defendant and that at the time that said recovery was had the Lawrence Fiscal Court, after due consideration, accepted said services and ratified and confirmed the employment of defendant and as compensation for legal services rendered by him to Lawrence County in the collection of $6800.00 by reason of said legal services and agreed to pay him therefor the sum of $925.00 which defendant in open court agreed to accept."

By agreement the cause was submitted on the pleadings, and the court adjudged "that the order entered in the Lawrence Fiscal Court on August 28, 1940, and recorded in Order Book 7, page 201, of the Lawrence Fiscal Court, is a valid order and has the same force and effect as a judgment and that said county is indebted to the said J. F. Stewart in the sum of $925 as provided in said fiscal court order." Plaintiffs' petition was dismissed, and they have appealed.

The power of the county to employ counsel to represent it where its interests are concerned has been recognized by this court in a number of decisions. Garrard County Court v. McKee, 11 Bush 234; Scoville v. Baugh, 84 S. W. 1146, 27 Ky. Law Rep. 319; Terrell v. Trimble County, 128 Ky. 519, 108 S. W. 848; Jefferson County v. Jefferson County Fiscal Court, 161 Ky. 538, 170 S. W. 1171; Estill County v. Wallace, 219 Ky. 174, 292 S. W. 816. It is primarily the duty of the county attorney to represent the county where its interests are concerned, but where, in the reasonable judgment of the fiscal court, he is unable for any reason to look after the interests of the county fully and completely the fiscal court may employ counsel to assist him. This is a necessary incident to the power to regulate and control the fiscal affairs of the county vested in the fiscal court by Section

1840 of the Kentucky Statutes. In Terrell v. Trimble County, supra, it was said [128 Ky. 519, 108 S. W. 850]:

"When the fiscal court directs the county attorney to proceed with the case, and authorizes him to employ counsel to assist him, and acquiesces in such employment, or ratifies it, the compensation of such additional counsel is a proper charge against the county, and such sums as may be paid to the counsel thus employed by the authority of the fiscal court, and with its acquiescence, are properly paid."

Appellants take the position, however, that appellee Stewart was employed by J. H. Ekers, county attorney, and had no contract with Lawrence county to file the suits upon which he bases his claim, and that the fiscal court therefore was without authority to make an appropriation out of county funds for the purpose of paying his fee. The pleadings show that appellee's services were rendered with the knowledge and consent of the fiscal court and that it accepted the money recovered by him, ratified the contract made with him by the county attorney, and ordered his fee paid. The fiscal court of a county may ratify any contract which it could have made in the first instance. Carter v. Krueger & Son, 175 Ky. 399, 194 S. W. 553; Pulaski County v. Farmers' National Bank of Somerset, 225 Ky. 437, 9 S. W. (2d) 48; J. I. Case Threshing Machine Company v. Commonwealth, etc., 177 Ky. 454, 197 S. W. 940; Estill County v. Wallace, 219 Ky. 174, 292 S. W. 816; Duff v. Knott County, 238 Ky. 71, 36 S. W. (2d) 870; City of Ashland v. Queen, 254 Ky. 329, 71 S. W. (2d) 650. In Estill County v. Wallace, the court said [219 Ky. 174, 292 S. W. 817]:

"The petition does not allege that the order therein copied was the only order bearing on the question. Hence, for aught that the petition shows, Wallace may have been duly employed to render the services by an order theretofore made by the fiscal court. But, passing this phase of the question and assuming that the order set out in the petition was the only order ever made by the fiscal court, it must not be overlooked that the county, through its fiscal court, may ratify a contract which it had the power, in the first instance, to make."

The contract which the county attorney made with

appellee was not ultra vires so far as the county was concerned, but was one which the county could have made in the first instance and the fiscal court had the power to ratify it.

The judgment is affirmed.