## Franklin County ex rel. v. Graham et al.

October 31, 1947.

William B. Ardery, Judge.

William A. Young for appellant.
Clyde E. Reed for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

This appeal is from a judgment of the Franklin Circuit Court approving and confirming an order of the Franklin County Fiscal Court.

Ernest Graham, appellee, served as one of the five magistrates composing the Franklin County Fiscal Court from January 5, 1942, to January 7, 1946.

It appears that for many years past, Franklin County has operated and maintained a system of free turnpikes, or county roads, under the supervision and control of the Franklin County Fiscal Court, acting by and through a committee of its members. This system was in force throughout appellee's term of office. It further appears that there was no order on the Order Book of the Franklin County Fiscal Court appointing any one to membership upon such road committee from the time appellee took office until March 9, 1943. Yet, during that time appellee served in such capacity and from time to time presented bills for services allegedly rendered, and was paid the sum of $4 per day for each day's service so rendered. Under this system of procedure appellee was paid the sum of $520 up to March 9, 1943. On March 9, 1943, the Franklin County Fiscal Court adopted and caused to be placed on its Order Book an order designating all of the magistrates as a committee of the whole to supervise and maintain the county roads, and fixed the compensation of the committee members at the rate of $4 per day for services performed thereon.

Throughout the remainder of his term appellee continued to serve as a member of this road committee. He rendered bills against the county based on the ordered rate of $4 per day. All claims were paid. On July 9, 1946, six months after his term expired, appellee filed a supplemental claim against Franklin County in the gross sum of $1258. This supplemental bill was based upon appellee's contention that he was entitled to the additional sum of $2 per day for each day served on the road committee, for each of which he had already been paid and accepted $4 per day for the 629 days allegedly served. This claim, endorsed with the recommendation of the County Judge and County Attorney that it be disallowed, was, however, approved and ordered paid by the court.

Upon appeal to the Franklin Circuit Court this order was approved and confirmed, as heretofore stated. It is now here for our consideration.

The original Act dealing with compensation of Fiscal Court members provided that members were entitled only to compensation for services rendered while in actual attendance at the meetings of the Fiscal Court. However, in 1902 an Act was passed amending Section 1845 of the Kentucky Statutes permitting $3 per day also for each day they were engaged in actual attendance at the meetings of the committees of the court, provided that no compensation should be allowed the members for attendance at the meetings of the committees except in those counties that maintain a system of free turnpikes under the control and supervision of the Fiscal Court.

In 1918 Section 1845 was again amended to increase such compensation from $3 per day to $4 per day, and was again amended in 1926 increasing such compensation from $4 per day to $6 per day. Section 1845 was carried forward in the 1942 Revision and now appears under Section 67.110 KRS, the pertinent part of which is as follows: "County commissioners or justices of the peace shall not receive any other compensation for their services, or any compensation for serving on committees of the fiscal court, except that in counties where the fiscal court controls and supervises the county roads through a committee of its members the justices of the peace serving on that committee shall be paid out of the county treasury six dollars for each day of actual service."

This section was again amended at the 1946 session of the General Assembly but that amendment is not involved herein.

As stated above, the Fiscal Court of Franklin County controls and supervises the county roads through a committee of its members. The right of the members to serve on committees of the Fiscal Court, and to receive pay for such service, was upheld by this court in Flowers v. Logan County, 138 Ky. 59, 127 S. W. 512, 137 Am. St. Rep. 347, and has been followed by this court in numerous cases. However, this question does not concern us here. The specific question presented here is whether or not a member, after having rendered service on a committee supervising and maintaining county roads, pursuant to an order specifying compen-

sation at $4 per day, and having received the contract pay therefor, may after the contract has been executed, be allowed to file for and receive supplemental pay of $2 per day, or a total of $6 per day as provided in the Act quoted above.

Appellee takes the position that a county has only those powers delegated to it by the Legislature; that such powers must be exercised by the county in the manner prescribed by the Legislature; that the order of the Fiscal Court attempting to fix a less sum as compensation for such committee service is absolutely void and, consequently, of no force and effect; and that when the Franklin County Fiscal Court determined to adopt the free turnpike system it must exercise that power in the manner and within the limitations specified by statute.

Appellant takes the position that appellee, in acting as a member of a committee to supervise and maintain the county roads, did not serve on such committee in his official capacity but rather as a private citizen, in which case he may validly contract to perform such services for less compensation than that fixed by statute. In support of this position Thomas v. O'Brien, 138 Ky. 770, 129 S. W. 103, 104, is cited and relied upon. This case had to do with the validity and construction of the Act in question here with respect to justices of the peace. It held that compensation of the magistrate was not changed because it was the purpose of the Act to remove the disability of employing themselves to do this work, in the doing of which work they were not acting in their official capacity as magistrates. In this opinion we said: "The magistrates in acting upon the committees do not act as magistrates, nor could they claim the privilege of so acting by virtue of their office. Nor could they be required to so act because of their membership in the court."

In Graves County v. Graves Fiscal Court, 303 Ky. 707, 199 S. W. 2d 137, the Thomas case above is cited with approval. We see no reason here for a negation of this rule.

Appellant next contends that any claim for additional compensation by reason of past committee service has been waived, and by his own conduct appellee has estopped himself to make any additional claim or col-

lection. It is averred, and not challenged, that at the time of the adoption of the order of 1943 providing for the $4 per day compensation, the Fiscal Court was apprised by the County Attorney of the statutory provision for $6 per day. Yet, with this knowledge, appellee, together with the other members of the court, passed and adopted the $4 per day rate. And, during appellee's tenure in office bills were presented, approved and paid for services performed at that rate.

Appellant contends that, since the work of supervising and maintaining roads was merely work which appellee could or might perform himself, or hire another to perform, such work was not an adjunct of his duties as magistrate, and that for the reasons stated above, he has waived any claim for additional compensation for past performance of his contract and by his own conduct is estopped to make any collection therefor.

Appellee insists that where the statutes fix a definite amount as compensation for specific services, it may not be waived. In support of this position numerous cases are cited, among which are Mack v. City of Mayfield, 239 Ky. 420, 39 S. W. 2d 679; City of Winchester v. Azbill, 255 Ky. 389, 9 S. W. 2d 51; and City of Louisville v. Thomas, 257 Ky. 540, 78 S. W. 2d 767.

Appellant readily admits the correctness of the general rule enunciated in the cases above, and particularly stated in City of Winchester v. Azbill, as follows (225 Ky. 389, 9 S. W. 2d 52):

" 'It is a general rule that an agreement by an officer to accept less than the fixed salary of an office to which he is elected or appointed for his compensation is void, as against public policy.' * * * The rule is equally well settled that an officer cannot estop himself from claiming full payment of his salary as fixed by statute, and where part of his salary has been withheld under an illegal agreement, recovery is allowed. * * *

"An agreement by a public officer to accept less than the fees or salary prescribed by law being contrary to public policy, the courts should not give effect to it by spelling out a waiver or estoppel."

Appellant contends the above rule is applicable to officers acting only as such. Appellee insists that the

same matter of public policy is involved whether the service is an officer or individual.

This prohibition exists clearly for a purpose, and the reason underlying the rule is quite obvious. To permit an office to become the subject of unworthy motives and political finagling would be violently against public policy and would strike at the very heart of sound governmental administration. Here we have the members of a Fiscal Court, who may adopt the free turnpike system of the supervision of roads, but are not required to. The Fiscal Court may supervise these roads by committees composed of its members. It is not required to. It may contract with other individuals to do this.

Certainly estoppel should not be permitted as a means of successfully avoiding the requirements of legislation enacted for the protection of a public interest. This Act was not primarily passed for the protection of a public interest. While not an explicit repudiation of the statutory mandate that "No member of the fiscal court shall be interested, directly or indirectly, or be concerned in any contract for work to be done or material to be furnished for the county, or any district thereof, nor purchase or be interested in any claim against the county or state," by a method of circumlocution it permitted compensation to magistrates "in counties that maintain a system of free turnpikes" for their service upon committees of the Fiscal Court. Ky. St. secs. 1844, 1845.

Appellee further insists that the court may now ratify any contract which it could have made in the first instance, and cites in support thereof Lawrence County v. Stewart, 287 Ky. 827, 828, 155 S. W. 2d 446. It might be said that this Lawrence County case in no way lends aid or support to appellee's contention because, there, there was a failure to make a contract, and the services were rendered with the knowledge and consent of the Fiscal Court, which had merely failed to enter order authorizing the employment. Here we have a contract which was made and proper order entered. The contract has already been executed. To do as appellee insists would be superseding a fully executed contract by a new contract. True, the Fiscal Court might have

entered the order allowing $6 per day instead of the $4 rate, but this it did not do. Having entered into a contract to do service at a lesser amount, and having executed that contract, appellee cannot now be allowed to come for additional pay on the ground that what he did was under a void order and against public policy. See City of Lexington v. Rennick, 105 Ky. 779, 49 S. W. 787, 50 S. W. 1106, and City of Corbin v. Davis, 193 Ky. 391, 236 S. W. 564.

There is an additional matter that lends persuasive weight to a correct and proper conclusion herein. No doubt, during each year of appellee's term of office budgetary allotments were established and provided for the purpose of covering the anticipated compensation to become due to the magistrates for committee service throughout the following fiscal year. Undoubtedly, this estimate, throughout the time of appellee's tenure, was based upon the rate of $4 per day. It would be the grossest sort of imposition upon taxpayers now to permit these additional sums, not anticipated in the budgetary allotment, to come out of the current revenues for services long since contracted for and performed. The taxpaying public has a right to expect, and public interest demands, that the fiscal affairs of their county be conducted with at least some degree of circumspection and in a sound businessslike manner.

We cannot escape the facts that appellee, as a member of the Fiscal Court, was present and assisted in passing the order creating the committee of which he was a part, and providing compensation at $4 per day, at which time he was apprised that under the statute he could receive $6 per day; that pursuant to this particular contract, he performed his duties as member of such committee and received his pay at the rate of $4 per day; and that six months after the contract had been fully executed, he brought this action. To disregard the above conduct and now to say appellee has not waived his right to set up, and by his conduct is not estopped to maintain this additional claim, would offend the rudimentary sense of right and justice; thwart the larger legislative policy and actually sacrifice a public interest.

Wherefore, the judgment is reversed with directions to enter judgment in conformity herewith.