## Radford v. Estill County.

January 16, 1948.

E. B. Beatty, Judge.

Shumate & Shumate, W. L. Kash, and J. M. Wolfinbarger for appellant.

L. H. Stevens for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In 1940 the then fiscal court of Estill County employed the W. C. Thornburg Company (hereinafter re-

ferred to as the "company") to frame, conduct and complete the refinancing of $250,000 of road bonds which had been issued by the county, it then being in default in the payment of any of the bonds or interest thereon. The compensation agreed to be paid in that contract to the company for its services was three percent of the newly issued bonds as a result of the refinancing, which amounted to $8,250. Upon the completion of the work the company was paid $7,500, leaving a balance due of $750.

On June 15, 1943, the company filed an action in the Estill circuit court against the county and the members of its fiscal court to recover that balance. Recovery was resisted upon various grounds, not necessary to be stated for the purposes of this case. The case was not heard until May 16, 1944, when the court dismissed plaintiff's petition and granted it an appeal to this court which was never perfected. It was never modified in any way and became and now is in full force and effect. Fifty-five days thereafter, and on July 10, 1944, the company notwithstanding its claim was so adjudicated against it, attempted by writing to assign the claim to the appellant, William Radford, the assignment saying:

"For value received, I hereby assign to Wm. Radford, Irvine, Kentucky, my claim against Estill County, Kentucky, in the sum of *$750.00* and hereby request that same be paid to him when same is payable.

"Given under my hand this *10th* day of *July,* 1944."

On the next day, July 11, 1944, Radford as purported assignee of the company's alleged claim presented it to the fiscal court for payment. On the same day a motion was made and passed in that court, the entry on the order book saying:

"Motion made by John McIntosh and seconded by John Brinegar all members voting yes, the County Clerk to write checks in payment of all debts, known as floating indebtedness, which were created by the previous administration. Payments must be charged to the appropriation in the budget designated for 'Debts created by previous administrations,' payments not to exceed 10,000.00 dollars."

On August 2nd thereafter the Treasurer of the

county issued his check to appellant for the amount of the claim which was honored and paid to him. On December 5th, of the same year, this entry was made on the order book of the fiscal court:

"Whereas, Orders were made and entered at the July and August terms of this court directing the clerk to write checks for floating debts properly proven, and further this court actually directed the clerk to draw checks to pay all debts approved by the County Attorney or County Judge or both, but by oversight same was not incorporated in the orders aforesaid. Now, therefore, said orders are now amended and the clerk of this court is directed to write checks for all said debts approved for payment by either or both the County Attorney and County Judge, and the Court hereby ratifies all checks drawn by the County Clerk, approved for payment by either or both the County Judge and County Attorney since July 11, 1944.

"Motion on the foregoing was made by Charlie Harkleroad, and seconded by John Shepherd, and the following members voting: Joe P. Miller, Yes, John Shepherd, Yes, Charlie Harkleroad, Yes, Henry Richardson, Yes, John P. Brinegar, Yes."

On December 7th, of the same year, the county, and its then fiscal court members, filed this action in the Estill circuit court against the appellant, Radford, to recover from him the $750 paid to him in the circumstances as hereinbefore related, upon the ground that the fiscal court was without authority to direct the payment of the claim to Radford, and its orders to the county treasurer, hereinbefore inserted, if intended to apply to appellant's claim, were wholly unauthorized and invalid. In effect, the action is based upon the ground that the payment made to plaintiff was gratuitous and without consideration.

The answer of defendant denied that his claim was invalid, or that the treasurer of the county acted without authority in issuing to him a check therefor, relying upon the orders of the fiscal court which he claimed ratified the claim and directed its treasurer to make payment thereof. The court sustained a general demurrer to his answer as amended and upon his declining to plead further judgment was rendered against him in

favor of the county for $750 with interest from August 2, 1944, the date he received payment. From that judgment he prosecutes this appeal.

We are clearly of the opinion that under the disclosed facts as above outlined, the court properly sustained the demurrer to defendant's answer and amended answers and upon his failure to plead further rendered judgment in favor of the county.

If the referred to orders of the fiscal court were intended to embrace the claim of appellant then they, so far as applicable to appellant's alleged claim, were invalid and void, since it had been adjudged that the county owed appellant no part of it. It is quite probable that the payment of the $750 to appellant violated the provisions of section 3 of our Constitution prohibiting the granting of "separate public emoluments or privileges * * * except in consideration of public services." The payment of a public debt when and after it had been duly adjudged invalid and non-collectible appears to be clearly in violation of that constitutional inhibition. But if not so then common sense, logic and justice forbid any such payment in such circumstances and which is impliedly at least held in the cases of Lawrence County v. Stewart, 287 Ky. 827, 155 S. W. 2d 446; Estill County v. Noland, Judge, 295 Ky. 753, 175 S. W. 2d 341, and Land v. Lewis, 299 Ky. 866, 186 S. W. 2d 803, 159 A. L. R. 601. However, we construe such resolutions and orders as not embracing appellant's claim, although they may have been and evidently were made for that purpose.

The first order above inserted of July 11, 1944, ordered the Clerk of the court "to write checks in payment of all *debts known as floating indebtedness,* which were created by the previous administration." (Our emphasis.) The claim of the appellant at that time had been expressly held not to be a *debt* of the county. Likewise the order of December 5, 1944, above referred to, referred only to "debts (of the county) properly proven," and which could not and did not apply to a claim which had been expressly adjudged not to be a debt of the county. (Our parenthesis.)

In closing we cannot escape the conclusion that this record points strongly to a collusion between the com-

pany, Radford and the members of the fiscal court entering the orders supra to pay the $750 here involved, notwithstanding it had been adjudged invalid and noncollectible. If that be true then the members of the fiscal court who participated therein, to say the least, displayed great incompetence as members of the fiscal court, by forgetting the obligation of their oaths to administer the duties of their office according to law.

Wherefore, for the reasons stated, the judgment is affirmed.