## Ridgeway Coal Corporation v. Patterson et al.

Dec. 6, 1940.

James Sampson for appellant.

J. L. Williams for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The sole question to be determined on this appeal is whether there is sufficient evidence in the record to support the finding of the Workmen's Compensation Board that the appellee, Kelly Patterson, was permanently disabled as the result of injuries received while in appellant's employ and entitled to a 25% permanent disability award of $3 per week for a period of three hundred and thirty-five weeks.

The storm center of the controversy is whether the disability resulted in part from the injuries received when he was struck by an empty car and shoved against the mine timbers where he was working, or from a fractured left hip occasioned by a prior accident during his boyhood, and a double hernia and high blood pressure, which existed at the time he went to work for appellant.

Appellee testified that he had never before been injured in his chest or the upper part of his body; that the car hit him in the side above the waistline; and that since receiving the injuries he suffered severely from a continuous ache in his breast and side from his hips

to his shoulders. The mine foreman testified that when he reached the scene of the accident he examined appellee who was lying on his back, discovered a knot "like a hen egg in the lower rib," and that he bandaged him for broken ribs. It is not seriously disputed that, notwithstanding his hernia and limp resulting from his previously injured hip, the appellee satisfactorily performed his duties as a loader during the eleven months of his employment by appellant prior to his injury; and there is no dispute whatsoever that at the time he was examined by the physicians who testified as witnesses he was totally and permanently disabled from performing manual labor of any kind.

The physicians who testified for the appellant were unable to discover from examinations or through the means of X-ray photographs which they took or caused to be taken, but which are not in the record, any evidence that appellee had received any injuries in the accident out of which his claim for compensation arose, other than a laceration or abrasion on his right hip, and an enlargement at the angle of the ribs on the right side, which, in their opinion, was merely an enlargement of the soft structure material and not the result of fracture. They were positive that there had been no fracture of the ribs or sternum and that all of appellee's disability resulted from high blood pressure caused by pre-existing disease, his hernia, and fractured hip. The mine physician testified that he had examined appellee when he first applied for work at the mine, and found that his blood pressure was very high, and corroborated his testimony by filing a copy of the report of his examination made at that time. Without further elaboration it is sufficient to say that it was conclusively established by the evidence that the appellee was a badly disabled man prior to his employment by the appellant, which narrows the issue to the single question, whether there was substantial testimony justifying the Board in attributing twenty-five per cent. of his total disabilities to injuries which he received while in appellant's employ.

Both of the physicians, who examined the appellee in order to qualify themselves as witnesses in his behalf, testified that X-rays taken by them disclosed a fracture of the eighth rib and the lower end of the sternum, and one of them attributed 20% of appellee's

disabilities to the hernia and limp, and the remaining 80% of his disabilities to "his high blood pressure condition." The other physician attributed 33 1/3% of appellee's disability to the hernia but did not state the percentage of disability which he attributed to the high blood pressure alone. He testified that he had found evidence of traumatic injury to the chest, and that while he could not attribute much disability to the healed fractured eighth rib, he could not say what injury might have been done the structures below the rib, or what pain appellee might suffer from the conditions resulting from the fracture.

Neither physician was able to say whether the fractures were of recent origin, and it is vehemently argued by appellant's counsel that the testimony of appellee's own physicians shows that all of his permanent disability was the result of conditions existing prior to the accident.

We are urged to adopt the rule that substantial testimony, or such as a reasonable man might accept as adequate to support a conclusion, is necessary to sustain a finding of fact by the Compensation Board. This, we have already done. American Rolling Mill Co. v. Pack et al., 278 Ky. 175, 128 S. W. (2d) 187; Kentucky Utilities Co. v. Hammons, 284 Ky. 473, 145 S. W. (2d) 67. But this does not mean that we would be justified in setting aside a fact finding of the Board merely because it is not supported by the preponderance of the testimony. Here we have the practically uncontroverted fact that appellee was able to perform hard manual labor for many months immediately preceding his injury, and it is difficult, if not impossible, to reconcile this fact with the claim that his previous disabilities were solely responsible for his admitted inability to perform manual labor after the injuries were received.

It is, of course, impossible to calculate with mathematical precision the ratio between appellee's pre-existing disabilities and those occasioned by injuries sustained while in appellant's employ; but we are convinced that the testimony introduced by appellee, coupled with the fact testified to by all the physicians that he is unable to perform any portion of the work which he performed prior to the accident, constituted substantial evidence, within any reasonable definition of that

term, that a portion of appellee's total disabilities resulted from the injuries for which he was awarded compensation.

Judgment affirmed.