## Northeast Coal Co. v. Wells.

Oct. 3, 1941.

W. Porter Mayo and J. Woodford Howard for appellant.

C. B. Wheeler for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

On January 17, 1936, appellee received an injury to his right arm while loading coal in appellant's mine. Appellant was operating under the Workmen's Compensation Act, Kentucky Statutes, Section 4880 et seq., and appellee accepted $36.45 for his disability which continued until February 12, 1936, when he was discharged by his physician as cured. An X-ray examination at the time of the injury disclosed no fracture, and the injury was diagnosed as "severe bruises on right arm and elbow." Appellee resumed his work on February 10,

1936, and in October, 1936, underwent an operation on his tonsils. Thereafter, he continued to load coal for appellant until March 15, 1937, when he "laid off" to undergo another tonsil operation. He also claims that his arm was getting weak and had pained him at intervals as early as April, 1936. On May 3, 1937, he filed a motion to re-open the case, accompanied by an application for adjustment of his claim; and on June 1, 1937, the Board, which had approved the previous settlement, ordered the case re-opened and docketed for trial. On April 5, 1938, the Board, in an opinion by its referee, the Hon. M. D. Elston, who had heard the testimony, found that appellee's condition was "in nowise traceable to his January 17, 1936 accident," and dismissed his application. A Full Board review was awarded, and on September 20, 1938, the Board, in an opinion by its chairman, approved the findings of the referee. From the order of the Board disallowing the claim, appellee appealed to the Circuit Court, which, without assigning its reasons for so doing, reversed the finding of the Full Board and remanded the case to that body for further proceedings. This appeal is from that judgment.

In disposing of it, it is sufficient to say that two physicians testifying for appellee stated that they were of the opinion that appellee's arm, which had been struck by falling slate, had been fractured instead of merely severely bruised; that a small piece of bone at the end of the humerus had been broken off and moved upward from one and a half to two inches, and that this had caused a weakening of the arm and a permanent disability of from 15 to 25 per cent. One of these physicians had been consulted by appellee at the time he was injured, and had signed the report showing that he was able to return to work on February 10, 1936. He had acquiesced in the original diagnosis because of an X-ray taken by another physician, although he was of the opinion, from an examination which he made at the time, that there had been a fracture. His testimony was based, not only upon his original impression but upon a later X-ray taken by a dentist. The other physician who testified for appellee also based his testimony in part upon the later X-ray. Two physicians introduced by appellant testified that they could discover no fracture, and one of these physicians had treated appellee at the time of his injury and taken the original photograph. An X-ray taken in August, 1937, also failed to

show a fracture. They also testified that appellee's condition was caused by a bone tumor springing from the perostium or bone covering, and that bone tumors are believed to develop from conditions originating in childhood, and do not result from traumatic injury or bone fracture. The company's payrool clerk testified from the records that appellee during the year 1935, had wroked one hundred and eighty-one days and earned $803.91, averaging slightly more than $4.44 per day; and that during the year 1936 he worked one hundred and forty-nine days and earned $840.99, or an average of $5.63 per day.

Thus we are presented with a case clearly controlled by Kentucky Statute, Section 4935, which provides an award of the Board shall be conclusive and binding as to all questions of fact. It is true that we have written that a fact finding of the Board based upon evidence insufficient in quality to support a rational conclusion is not binding upon the courts and may be set aside. Kentucky Utilities Co. v. Hammons, 284 Ky. 437, 145 S. W. (2d) 67. But we have also written:

> "This does not mean that we would be justified in setting aside a fact finding of the Board merely because it is not supported by the preponderance of the testimony." Ridgeway Coal Company v. Patterson, 285 Ky. 114, 146 S. W. (2d) 35, 37.

In the case at bar the evidence does not even preponderate against the Board's finding, and, unless we are to ignore the statute altogether, it is our manifest duty to reverse the judgment of the Circuit Court with directions to dismiss the petition. It is so ordered.