## Elkhorn Coal Co. v. Stout et al.

Jan. 29, 1943.

Harry L. Moore for Appellant.

Pope & Pope and French Hawk for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Harrison Stout suffered industrial blindness as the result of lightning striking a tree above the mine and the electricity passing through a crevice in the earth down 112 feet to where he was working. We held the injury compensable and directed a judgment ordering the Workmen's Compensation Board ''to render an award in accordance with the proof in the case, and for other proceedings not inconsistent with this opinion.'' Stout v. Elkhorn Coal Company, 289 Ky. 736, 160 S. W. (2d) 31, 33. The circuit court accordingly remanded the case to the Board. Upon the evidence theretofore taken it found Stout's average weekly earnings to be $21 and made an

award of $13.65 a week for a period of 416 weeks not to exceed $6,000 in amount. The circuit court upon the employer's petition for review expressed the opinion that the Board should have found the employee's average weekly wage to have been $17.02 instead of $21, with the consequent reduction in the award to $11.05 a week, but that the court was without power to correct it because there was "competent, substantial evidence" to sustain the finding. The opinion of the court recites: "The evidence may not be as clear and convincing either way as it could be made" but "under the opinion and mandate the court does not feel at liberty to refer it again back to the Board for further evidence or for clarification of the evidence." Accordingly, the award was confirmed. The employer appeals and insists that the evidence tending to support the award is "not sufficient in quality to support a rational conclusion," or to meet the definition of substantial probative evidence. See American Rolling Mill Company v. Pack, 278 Ky. 175, 128 S. W. (2d) 187; Northeast Coal Company v. Wells, 287 Ky. 654, 154 S. W. (2d) 740.

The claimant testified that when injured he was "averaging $3.50 per day," and had been doing so for two months. This broad statement, however, was qualified later in his direct examination particularly concerning certain voluntary payments made by the company that when he was told his compensation would be $11 a week he had responded that he was making $15.00 a week and I expected $12.00 compensation any way until I got able to work." The company's representative, however, had continued to insist that he was entitled to only $11 a week. Stout further testified that he had one or two statements of his earnings at home, the others having been lost, and "all I know about is when I got done loading coal, done my day's work, I would look at the sheet and I just estimated it up." At that time, before the injury, he "could read and write a little." The sheet to which he referred was the talley sheet of the coal weigher from which his wages were calculated on a tonnage basis. Thus, when read together, his broad statement that he had been earning $3.50 a day was explained to be only an estimate and that he had informally claimed he was making only $15 a week, which is $2.50 a day for 6 days. However, the records of the company prove both of his estimates to be wrong, the one too high and the other too low. Those records show that during

6 weeks next before he was injured the employee had worked 19 days and earned $53.90, an average of $2.84 a day. In determining the compensation the term "average weekly wage" used in the Statute, KRS 342.140, Sec. 4905, Ky. Stats., requires that earnings be computed as though the employee had worked 6 days a week in every week of the year and that his actual earnings during a period long enough to afford a reasonable basis of calculation determines the amount. Jones v. Davis, 246 Ky. 293, 54 S. W. (2d) 681; Fulton Ice Company v. Meacham, 273 Ky. 483, 117 S. W. (2d) 195; Black Mountain Corporation v. Adkins, 280 Ky. 617, 133 S. W. (2d) 900. Although not conclusive, the records of the employer made regularly in the course of the service constitute evidence of the highest order for establishing the time and amount of service and earnings. Jones v. Davis, supra. While the statute is always to be construed and administered liberally in favor of an injured employee, the evidence is to be weighed as a whole in arriving at what is right and just both to the employer and the employee. The ordinary scales for weighing evidence, or usual judicial appraisement of the quality of evidence to establish a fact, should not be disregarded. Here we have a broad, general statement by an illiterate employee that his average earnings were $3.50 a day and then his own unqualified testimony that he had previously claimed he was earning only $2.50 a day, and that both amounts were but estimates. Over against this is a record made in due course and in no way brought under suspicion or question which definitely establishes the amount to be midway between the employee's estimates. Even under the liberal rule of accepting a finding of fact by the Compensation Board if there is any evidence to sustain it, we are of opinion that the court should have regarded the admissions and qualifications of the employee as limiting his general statement and making it too indefinite and inconclusive to accept as probative evidence in the face of the very high degree of proof afforded by the unquestioned payroll record which proved the fact to be that his earnings were only $17.02 a week. The quality of proof to the contrary is so weak that it cannot be regarded as evidence which induces a conviction or establishes a fact. A. C. Lawrence Leather Co. v. Barnhill, 249 Ky. 437, 61 S. W. (2d) 1; Cornish's Guardian v. Lexington Utilities Co., 270 Ky. 62, 109 S. W. (2d) 10, 11; American Rolling Mill Company v. Pack, supra; George

T. Stagg Company v. O'Nan, 286 Ky. 527, 151 S. W. (2d) 51.

The appellee submits that the appeal should be dismissed or affirmed as there was no motion and grounds for a new trial filed in the case. His argument is based upon this provision in the Compensation Act, KRS 342.290, Sec. 4936, Ky. Stats., that: "The procedure as to appeal to the Court of Appeals shall be the same as in civil actions." Counsel has overlooked the rest of the sentence, "so far as it is applicable to and not in conflict with this chapter, except as follows." The exceptions relate to the abridgment of a bill of exceptions. These proceedings are tried in the court as equity cases and no motion for a new trial is required nor bill of exceptions necessary where no evidence was heard by the court in the instances provided for by the act. Mary Helen Coal Corporation v. Hensley, 237 Ky. 348, 35 S. W. (2d) 533; Clover Fork Coal Co. v. Scoggins, 263 Ky. 424, 91 S. W. (2d) 543.

The judgment is reversed and remanded for consistent proceedings.