Hon. John W. YOUNG, Commissioner of Labor and Custodian of the Special Fund and Royal Crown Bottling Company, Appellants,

v.

B. H. VANOVER and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Feb. 18, 1972.

Thomas R. Emerson, Kentucky Department of Labor, Frankfort, E. R. Hays, Baird & Hays, Pikeville, for appellants.

Kelsey E. Friend, Harry R. Stamper, Pikeville, J. Keller Whitaker, Director Workmen's Compensation Board, Frankfort, for appellees.

OSBORNE, Judge.

This is an appeal from the Pike Circuit Court in which the circuit court upheld the Workmen's Compensation Board's finding of total and permanent disability and the awarding of maximum compensation benefits, but ruled adversely to the Board's finding that all of the disability was attributable to the traumatic event of January 23, 1969. The court found that the liability should have been apportioned between the employer and the Special Fund.

The first issue raised by the appellants is that the claimant's wages were not sufficient to justify maximum compensation. The claimant and his wife testified that the claimant's wages were to be $125 per week. The claimant went to work on January 17 and injured his back on January 23. He had worked for a total of three and one-half days before the injury. He testified that he had received $29 and some few cents after deductions and withholdings. The superintendent of the company testified that the claimant was to be paid $1.65 per hour plus $.07 per case of drinks sold, and was not on a fixed salary basis of compensation. His records showed that the claimant was paid $39.80 for his three and one-half days of work. On the basis of this testimony, the Board and the circuit court held that the wages were sufficient to justify maximum compensation.

The employer relies on Elkhorn Coal Co. v. Stout, 293 Ky. 51, 168 S.W.2d 332 (1943) for the proposition that the records of the employer made regularly in the course of the service constitute evidence of the highest order for establishing the time of service and the amount of earnings. That case is not like this one. There, the claimant had testified twice concerning his daily salary and both times he testified differently. In this case, both claimant and his wife were steadfast that his weekly salary was $125. There clearly was a controversy as to the rate of pay. The Board is the fact-finding body and its determination of facts will not be set aside when there is evidence of substance upon which to base such a finding. Hall v. Island Creek Coal Co., Ky., 474 S.W.2d 890 (decided November 19, 1971). The findings of the Board are based upon conflicting evidence. However, there is evidence of substance to support the fact found and we will not disturb it.

The second issue on this appeal centers around the circuit court's reversal of the findings of the Board that claimant's disability should be attributed entirely to the injury of January 23, 1969, and was, therefore, not apportionable. From the record it would appear that the circuit court was of the opinion that the evidence showed conclusively that the claimant had a dor-

mant nondisabling condition caused by disease, which was aroused into disabling reality as a result of the 1969 injury.

We do not believe the court was justified in such findings. The record does establish that the claimant was suffering from a herniated intervertebral disc at L4–5 and possibly L–5, S–1. Where a worker is injured and is disabled prior to the injury, the cause of the preexisting disability is not significant so far as apportionment between the Special Fund and employer is concerned. However, if the worker is not disabled prior to injury, any dormant preexisting condition which the injury may have aroused into disabling reality must be caused by disease in order for apportionment to be possible. See Young v. City Bus Company, Ky., 450 S. W.2d 510 (1970). It is apparent from the testimony of Dr. Russell Meyers that the condition existing prior to the injury was a weakening of his annulus fibrosis which is normally due to wear and tear processes, and which we have previously held not to constitute disease. See Young v. City Bus Company (supra). When Dr. Meyers was asked concerning this specific point, the question and answer were as follows:

"Q. Now, doctor, would these wear and tear processes or degenerative changes be consistent with a disease?

A. Yes, sir, in the loose use of that term, they would."

It is apparent from the above that the doctor was using the term "disease" rather loosely. We do not feel that this is sufficient to require the Board to find that claimant was suffering from a preexisting disease. For these reasons, we believe the judgment of the circuit court insofar as it reversed the order of the Board concerning apportionment should be reversed.

Judgment reversed.

All concur.