## White v. Olive Hill Fire Brick Company.

(Decided May 4, 1916.)

Appeal from Carter Circuit Court.

Contracts—Independent Contractor.—The fact that the contractor is doing work for a less sum than it could reasonably be done for, or that his employes while not at work for him work for the owner of the building, or that when the independent contractor needed assistance the owner's men performed the services needed, or that the employes of the contractor were paid by the owner, or that occasionally during the progress of the work the owner made objection to the manner in which it was being done, are not sufficient circumstances to overcome direct and uncontradicted evidence clearly showing that the work was being done under an independent contract.

JOHN W. WOODS and G. W. E. WOLFFORD for appellant.

THEOBALD & THEOBALD for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, White, a plasterer, while standing on a scaffold plastering a building being erected by the appellee, Olive Hill Fire Brick Company, was caused to fall on account of a defective piece of timber on which his scaffold was hung. To recover damages for the personal injuries sustained, he brought this suit, and after all the evidence for both parties had been introduced, the trial court directed the jury to return a verdict for the defendant.

On this appeal, aside from some unimportant matter relating to the rejection of offered evidence, the principal question is, did the evidence, taking it as a whole, make out a case that entitled the plaintiff to go to the jury? The rule settled by many opinions of this court is that if there is any evidence of probative value or reasonable inferences arising therefrom conducing to support the grounds of action upon which the plaintiff relies, the case should go to the jury, although the weight of the evidence, both numerically and in probative value, opposes his contentions. Measured by this rule we think the trial court correctly ordered a directed verdict.

The theory of the plaintiff was that although he was employed by and working under one Parm Abrams, his real employer was the defendant fire brick company, and that Abrams was only a boss or foreman for the company.

The defense was that Abrams was an independent contractor employed by the fire brick company to plaster its building, and therefore it was not liable for any accidents that happened to the employes of Abrams on account of his negligence.

The uncontradicted evidence is that the plaintiff and other plasterers were employed by Abrams, who directed and controlled the work in which they were engaged. That Abrams, previous to his employment of these plasterers, made a contract with the fire brick company by which he was to receive so much a yard for the plastering. That he fixed the price to be paid the plasterers under contract with them and that the fire brick company did not hire or have authority to discharge or in any way control them. That the fire brick company, under its contract with Abrams, fur-

nished all the material as well as the timber used in making the scaffolds. That the plasterers, under the contract between the company and Abrams, were paid by the company according to the time they worked, the record of which time was furnished to the company by Abrams. That the payments made to the employes of Abrams by the fire brick company were charged to his account and the company received credit in its settlements with Abrams for what it paid out. That a man named Sims was the foreman of some other work which the company was doing at the same time this plastering was being done and occasionally the men working for Abrams, when he had nothing for them to do, would work for the company under Sims, and occasionally when Abrams needed the help outside of the men he had employed, this help would be furnished by the company, and the price of the labor so furnished charged to Abrams. That Abrams was doing the plastering according to specifications furnished for the work; that Hitchins, the general superintendent for the company, would go about the place where the plasterers were working probably twice a day, some days not at all, and that once or perhaps twice during the progress of the work Hitchins made some objection to the manner in which it was being done or to the manner in which the material was being mixed and directed how it should be done. That Abrams was insolvent, while the company was solvent. That Abrams was doing the work at a less price per yard than it could reasonably be done for. That Abrams had also a contract to do some concrete work for the company and had been employed by it on different occasions to look after work.

We have stated the substance of the evidence introduced for both parties, and there is really no conflict in it. It shows, as we think, very clearly that Abrams was an independent contractor.

There are some circumstances to which counsel for appellant attaches importance on the theory that they tended to show that Abrams was merely a boss or foreman for the brick company and not an independent contractor. The circumstances are: That Abrams was doing the work for a less sum than it could reasonably be done for; that when the plasterers for any reason did not have any plastering to do during the progress of the work, they put in the time working for the brick

company; that when Abrams needed help to assist in the plastering, the brick company's men performed the service needed; that the plasterers employed by Abrams were paid by the brick company; that Hitchins, the general superintendent of the brick company, occasionally during the progress of the work made some objections to the manner in which it was being done; that the company furnished the material.

But these circumstances we do not think at all sufficient to show that the contract between Abrams and the company was a mere device to relieve the company from responsibility, or to overcome the direct and uncontradicted evidence we have set out, nor do we think they were of sufficient probative value to take the case to the jury. There seems to us no reason why the owner of property may not make a contract with an independent contractor under the terms of which all these things that the brick company did might not be done without changing the relation of the parties or converting the independent contractor into a boss or foreman for the owner. Whether a person is an independent contractor or not is of course to be determined by a consideration of all the facts and circumstances proven in the case, but after giving to the record careful consideration, we have reached the conclusion that under all the authorities the facts and circumstances fail to show that Abrams was not an independent contractor. Ballard & Ballard v. Lee, 131 Ky. 412; M., H. & E. Railroad v. Owen, 147 Ky. 1; Interstate Coal Co. v. Trivett, 155 Ky. 795; Williams v. National Cash Register Co., 157 Ky. 836; Carter Coal Co. v. Howard, 169 Ky. 87.

Wherefore, the judgment is affirmed.