## Stout v. Elkhorn Coal Co. et al.

March 6, 1942.

French Hawk and Pope & Pope for appellant.

Harry L. Moore for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This proceeding is an effort on the part of the appellant, Harrison Stout, to procure from our Workmen's Compensation Board an award compensating him for injuries he received on June 3, 1937, while working as a miner for appellant and defendant below, Elkhorn Coal Company, at one of its mining operations at Kona, Letcher County, Kentucky. The Board dismissed appellant's application for an award upon the ground that the injuries he sustained while happening ''in the course of his employment,'' did not arise ''out of'' the employment. Appellant petitioned the Letcher Circuit Court for a review and it approved that finding and dismissed his petition, to reverse which he prosecutes this appeal.

The appellant and his buddy-companion, Joe Roberts, were working in room 46 of defendant's mine when, between 12:30 and 1 o'clock P. M. on the day indicated, they each suddenly sustained a shock, which threw appel-

lant to the ground and he was unconscious for some time thereafter. He was removed from the mine and as a result of the shock he sustained, among other damaging consequences, what is thoroughly proven and admitted to be industrial blindness. It was overwhelmingly proven—and practically admitted by everyone—that the shock that injured appellant was produced by electricity, and he first attempted to prove that the current of that indefinable substance was brought into the room of the mine in which he was working by constructed and maintained facilities of his master, the appellee Coal Company. But the Board found, and we think correctly, that appellant failed to prove that the current which contacted him was so produced, or that it was conducted into his room by any such maintained facilities, which appellant contended emanated from power wires and negative rail tracks running into the mine upon which extracted coal was hauled out of it. It would serve no useful purpose for us to detail, or dwell upon the testimony by which that contention was sought to be sustained, but which theory, we repeat, was rejected by the Board, and its finding upon that point is sustained by the proof.

But, strange to say, the defense to the claim for an award developed the way and manner by which appellant sustained his injuring and damaging shock and which, we conclude, entitled him to compensation under our Compensation Act, as found in Section 4880 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. It requires that the injuries sustained by the servant must have arisen ''in the course of'' his employment and ''out of'' the employment. It is conceded by all parties—and so found by the Board in this case—that appellant's injuries were received ''in the course of'' his employment, but it is stoutly insisted that they did not arise ''out of'' his employment; and it is the latter and narrower question only that is involved on this appeal, as well as the only controverted one presented by the record.

The defense—which we conclude made the case a compensable one under our statute—was that the current of electricity which contacted appellant at his place of work in the mine emanated from a stroke of lightning that hit a large white oak tree on the surface above which he was working 112 feet under the ground, and that near to the roots of that tree (which was shattered

almost to pieces) was a crack in the earth made by its settling after the coal and all pillars were taken out in the mining operations below, and which crack extended downward to the roof of the room in which plaintiff was at work. At the immediate time he was turning the crank of an auger boring a hole in which to place dynamite in the prosecution of his work, with one foot on a disconnected rail track running from the main line into the room, but over which there was no electrical power wire. There were surrounding rooms in which others were at work and over the ceiling of which the earth's crack running from the surface above did not extend, and none of the workmen in those rooms, where the conduit formed by the crack did not extend, were injured in any manner. The overwhelming proof—to such an extent that it may fairly be said was without contradiction—introduced by defendant was to the effect that such a crack as the evidence developed in this case was a natural conduit or attractive tramway, so to speak, for an electrical current. That evidence was so conclusively established that the Board so found, and appellant, after it was introduced, virtually abandoned his original contention and adopted defendant's theory, insisting that under it he was entitled to compensation.

We are therefore confronted with the sole question as to whether an injury from an electrical shock as the result of lightning, if and when its travel is accelerated by conditions created, suffered or permitted to exist, as an environment of the place where the servant is directed to labor and was laboring when injured, is within the requirement that compensable injuries must arise "out of" the employment? With the facts, as so generally stated above, admitted by everyone, testified to and uncontradicted by all expert witnesses, and found to be true by both the Board and the Court, the question to be determined becomes one of law, and not of fact, the latter being universally agreed to and settled by the fact-finding body. Of course the defendant's argument is that an injury resulting in any manner, as the result of lightning, whether accelerated by artificial conditions surrounding the place of the servant's work or not, is an act of God for the consequences of which the master is not liable under a compensation act worded as is ours in the section of our statute supra (4880).

Before taking up the discussion of the question, as

it applies to benefits under workmen's compensation statutes generally, it might not be inappropriate to direct attention to the cases of: Cohen & Stryck v. Home Telephone Company, 179 Ky. 107, 200 S. W. 344; and Clark's Administrator v. Kentucky Utilities Company, 289 Ky. 225, 158 S. W. (2d) 134; wherein we held that anyone contributing in any manner to accelerating the effects of lightning by which it was led to produce the damage complained of, was liable therefor under the general rules of negligence, and which could not be true unless the current was, on account of such negligently maintained facilities, aided and assisted it in producing the damage complained of. Therefore when such conditions prevail at the place where the servant is put to work it would seem that the lightning shock—thus aided in its ability to reach the servant and inflict upon him the injury complained of—would constitute a maintained condition, or one suffered to continue, which would completely justify the holding that the injury arose out of the employment of the servant at that particular place, so environed and conditioned.

But the question has arisen a number of times before various courts of the county since the enactment of workmen's compensation statutes. Those cases are collected and discussed in annotations in 13 A. L. R. page 977; 40 A. L. R. page 401; 53 A. L. R. page 1084; and 83 A. L. R. page 235. It would render this opinion unduly long were we to take up each case and narrate its facts with the ruling of the court thereon when all such information is readily obtainable from the sources to which we have called attention. It is acknowledged—not only by the writer of the annotations, but by some of the courts themselves—that there exists conflict in the opinions of the various courts upon the question as to whether or not an injury produced by an act of God ever becomes compensable under workmen's compensation acts in any state of circumstances. But it will also be found that the great majority of the courts have reached the conclusion that the servant is entitled to compensation for injuries produced by lightning in all cases where he "was subjected to a danger from lightning greater than were the other people in the neighborhood; that is, Was the danger to which he was subjected one which was incident to the employment, or was it one to which other people, the public generally, in that neighborhood, were subjected?"

An illustrative case, aligned with the great majority of the courts before which the precise question here involved was presented, is that of Madura v. City of New York, 238 N. Y. 214, 144 N. E. 505, 507. In the course of the opinion in that case the court acknowledged the conflict in decisions when it said: "Accidents resulting from lightning have been the subject of conflicting decisions. But in the cases which have held that an award should not be made for death resulting from such a cause, there has been quite uniformly a finding of fact that there was not any unusual risk of such an accident incidental to the employment, and that therefore the accident could not be charged to the latter, or said to spring out of it. * * * On the other hand, it has been held in several cases, as is being held here, that there sprang from the employment in which the workman was engaged a special risk of being struck by lightning, and that therefore compensation should be awarded."

Among the observations made in annotations, supra, found in 83 A. L. R. 235 is one to this effect: "The death of an employee caused by lightning is compensable only when he was exposed to injury from lightning by reason of an employment which necessarily accentuated the natural hazard of lightning and the accident was natural to the employment. Lickfett v. Jorgenson (1930) 179 Minn. 321, 229 N. W. 138. The court stated that it is necessary that the employee be exposed to the hazard in some way peculiar to the employment, so that he does not stand in the same relation thereto as the public generally. And to the same effect are Deckard v. [Trustees of] Indiana University (1930) 92 Ind. App. 192, 172 N. E. 547; Consolidated Pipe Line Co. v. Mahon (1931) 152 Okl. 72, 3 P. (2d) 844."

In the case of Consolidated Pipe Line Company v. Mahon, supra, the court held, in line with the great majority of others, in substance, that if the employment exposes the servant to peculiar danger and risk of being struck by lightning, greater than that to which others of the public are exposed, and he is struck while in the discharge of his duties, he may recover compensation under statutes requiring that his injuries must arise "out of" his employment.

We see no reason for protracting or extending the discussion. It may be admitted that there is some conflict in the decisions of the courts, but the great majority

(with practically unanimity) permits the recovery of compensation under workmen's compensation statutes by those injured by lightning if the current of the stroke is aided or assisted in any manner to seek out and land upon the injured servant where he is directed to and is engaged in his work. Such conditions necessarily contribute to the danger of the place produced by lightning so as to classify such accidents as arising out of the particular employment of the injured servant where his place of work is so conditioned and environed.

Wherefore, the judgment is reversed with directions to set it aside and to enter one directing the Compensation Board to set aside its order dismissing plaintiff's claim, and to render an award in accordance with the proof in the case, and for other proceedings not inconsistent with this opinion.

The whole court sitting.