## Fuqua v. Department of Highways et al.

Jan. 22, 1943.

784

Otto C. Martin for appellant.

Hubert Meredith, Attorney General, and A. E. Funk, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Appellant is the widow of James Fuqua, an employee of the Department of Highways of the Commonwealth of Kentucky. The employer was operating under the Workmen's Compensation Act, KRS 342.001 et seq., and Fuqua had signed the compensation register. On July 24, 1939, Fuqua was engaged, with other members of a maintenance crew under the direction of Fred Tatum, foreman, in cutting weeds and brush on the right of way of State Highway 45-C extending from Hartford to Hardinsburg. A few minutes before noon, the beginning of the lunch hour, it began to rain and it became apparent that a severe storm was imminent. The foreman told his men to get into the truck used in transporting them to and from their work and go to shelter. Thereupon, in company with the foreman, they repaired to the nearby residence and garage of one Charley Baxley. On arriving at their destination, Fuqua and two other men went into the garage, the foreman and another remained in the cab of the truck, and three of them went to the porch of the house. Fuqua sat down with his back to a plank leaning against the wall. Immediately lightning struck the garage and the plank against which Fuqua was leaning, killing him almost instantly. In due course appellant presented her claim for compensation to the Board which disallowed it on the ground that the cause of death had no relation to the employment. The Circuit Court, on appeal from the finding of the Board, affirmed the ruling, and from that judgment this appeal is prosecuted.

We see no way to escape the conclusion that the judgment must be affirmed under the principles enun-

ciated in the case of Lexington Railway System et al. v. True, 276 Ky. 446, 124 S. W. (2d) 467, 468. There, a motorman, while operating a street car, was killed by a bullet fired by a boy who had found a rifle and was wandering around shooting at different objects. We said:

> "To be within the Compensation Act by virtue of this provision, the accident must be one 'arising out of his employment' and must have had its origin in some risk of the employment. There must be a causal relation between the employment and the accident. It is not enough that the injured person was at the place of the accident because of his employment unless the injury is the result of some risk peculiar to the employment. The injury must be incidental to the nature of the employment. If the injury occurred by reason of some cause having no relation to the employment, it cannot be said to 'arise out of the employment.'"

Many authorities from other states holding that death by lightning is compensable under Workmen's Compensation Acts are cited by counsel for appellant, but there is no necessity for discussing them, since the principles involved were fully considered in the recent case of Stout v. Elkhorn Coal Co. et al., 289 Ky. 736, 160 S. W. (2d) 31. In that case we approved the majority rule that if the employment exposes the servant to peculiar danger and risk of being struck by lightning, greater than that to which others of the public are exposed, and he is struck while in the discharge of his duties, he may recover compensation under statutes requiring that his injuries must arise out of his employment in order to be compensable. There, we directed an award, since the proof showed that a crack in the earth had served as a conduit for the lightning to the roof of the room in a mine in which the victim was working. But the negation of the present appellant's asserted right of recovery is implicit in the decision last referred to. Here, the place where the decedent was killed was chosen by him as a shelter during a storm occurring during his lunch hour, and, of controlling importance, there was no evidence that there was a greater likelihood of his being struck in the garage than in the truck, on the porch, in the house, or on the road.

Judgment affirmed.