**LEWIS et al. v. MORGAN et al.**

Court of Appeals of Kentucky.

Nov. 7, 1952.

692

Robert J. Watson, Middlesboro, for appellant.

Logan Patterson and James Wilson, Pineville, for appellees.

DUNCAN, Justice.

The Leslie County Board of Education by a majority vote of three to two, acting without the recommendation of the county school superintendent, entered into a contract with a certified public accountant to make a general audit of the school records. The two dissenting members of the board filed this action to enjoin the expenditure of school funds for this purpose. The trial court refused to grant the injunction and dismissed the petition.

Appellants are here contending that the board of education has no authority for its action and that school funds cannot be used in paying for the services of an accountant. Alternatively it is insisted that even if such authority exists, the board in no event can employ an accountant who has not been recommended by the superintendent.

There is no statutory provision specifically authorizing a school board to engage the services of an accountant to make a complete general audit of the school records. Nevertheless, a board of education, like a municipality or other governmental agency created by the Legislature, possesses not only the powers specifically conferred by statute, but also such implied powers as are reasonably inferred from the express powers and the objects to be attained by its creation. Dalzell v. Bourbon County Board of Education, 193 Ky. 171, 235 S.W. 360; Dodge v. Jefferson County Board of Education, 298 Ky. 1, 181 S.W.2d 406. KRS 160.290 expressly provides that school boards shall have the management and control of the proper-

ty, funds and affairs of the school district and KRS 160.160 confers upon such board the generalized powers to "do all things necessary to accomplish the purposes for which it is created."

Among the powers of the board not specifically conferred but recognized to exist by implication are those of employing a full-time health nurse, Board of Education of Bowling Green v. Simmons, 245 Ky. 493, 53 S.W.2d 940; paying membership dues from school funds to Kentucky school board association, Schuerman v. State Board of Education, 284 Ky. 556, 145 S.W.2d 42; employing an auditor upon a contingent fee basis to make an audit of the books of certain county officers to ascertain if the sheriff and county clerk have paid to the board all school taxes collected. Bell County Board of Education v. Lee, 239 Ky. 317, 39 S.W.2d 492.

Concerning other governmental agencies created by the Legislature, it was held in Estill County v. Wallace, 219 Ky. 174, 292 S.W. 816, that a county had the right to employ an agent to act for it in the settlement of claims and judgments against the county. The right of a county to employ and pay counsel was recognized in Jefferson County v. Jefferson Fiscal Court, 161 Ky. 538, 170 S.W. 1171, and Terrell v. Trimble County, 128 Ky. 519, 108 S.W. 848.

■ It seems clear to us that incident to the power of the board to control and manage school funds and public school property, the board has the implied power to employ and pay an accountant to make a general audit of the school records.

Appellants insist that under the maxim, "expressio unius est exclusio alterius", it must be assumed from the fact that the Legislature expressly authorized independent audits of certain school records that an audit of records not included within the class specified by the Legislature, was forbidden.

■ KRS 160.476 and KRS 160.477 relate to school building funds created under these sections and direct the boards to require an annual audit of the specific funds by a certified public accountant or an accountant approved by the State Department of Education. These sections are not mere grants of power but create an absolute duty which the boards are required to perform...

KRS 160.560 prescribes the duties of the treasurer of the school board and authorizes the board to require an audit by an outside agent of the accounts and records of an outgoing treasurer. KRS 160.570 in providing for a depository of school funds, authorizes the board to have an audit made of the records of the depository.

■ We conclude that these statutory powers were merely additions to the powers of the board and were not intended as limiting or restricting the inherent power to conduct its fiscal affairs. Obviously, the maxim, "expressio unius est exclusio alterius", is not applicable. The Supreme Court of the United States in Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 537, 71 L.Ed. 793, said:

"This maxim properly applies only when in the natural association of ideas in the mind of the reader that which is expressed is so set over by way of strong contrast to that which is omitted that the contrast enforces the affirmative inference that that which is omitted must be intended to have opposite and contrary treatment."

■ Appellants assert that audits of the records of county and independent districts are conducted by the Superintendent of Public Instruction and it is, therefore, unnecessary to employ private accountants for that purpose. This Court cannot substitute its judgment for that of the board and determine the wisdom of the proposed contract. Our inquiry is necessarily confined to the power of the board to enter into the agreement.

KRS 156.200 provides in substance that the Superintendent of Public Instruction shall receive and examine all reports required by law or by the State Board of Education; shall examine and advise on expenditures and business methods of the boards of education, and shall see that all financial and educational accounts are ac-

curately and neatly kept and that reports are made on forms prescribed by the State Board of Education.

 It will be seen that the Statute does not require audits by the Superintendent of Public Instruction. In his supervisory capacity he may require reports, advise on expenditures and provide a standard of record keeping and reporting which the several boards must follow. Although the power to audit all of the records of the board necessarily rests in the Superintendent of Public Instruction, he is not required to make such an audit.

Finally we reach the question of whether or not an accountant engaged to perform professional services on behalf of the board becomes a public school employee as that term is used in KRS 160.380, which provides that all public school employees shall be employed only upon recommendation of the county school superintendent.

 A public accountant, like an attorney, is a person generally regarded as in the pursuit of an independent business or profession. He undertakes to do a specific piece of work, using his own means without becoming subject to the control of the person for whom the work is being done in respect to all its details. An independent contractor is distinguished from an employee, in that he renders service in the course of an independent occupation representing the will of his employer only as to result and not as to the means by which the work is accomplished.

In Talbot v. Public Service Commission, 291 Ky. 109, 163 S.W.2d 33, it was held that attorneys employed by the Commissioner of Revenue to collect delinquent taxes, and technical advisors or consultants engaged by the Public Service Commission, were independent contractors rather than employees.

 As a general rule, independent contractors are not considered within the purview of statutes, the scope of which is restricted to "servants" or "employees". *27 Am.Jur., Sec. 3, Page 483.*

 We are of the opinion that a public accountant in the performance of services for the board acts as an independent contractor, and that the recommendation of the county school superintendent is not a prerequisite to his selection.

The judgment is affirmed.

COMBS, J., not sitting.