**NEW INDEPENDENT TOBACCO WARE-HOUSE, NO. 3, Inc., Appellant,**

**v.**

**Lucille P. LATHAM, Widow, etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 17, 1955.

Rehearing Denied Nov. 4, 1955.

I. Jay Miller, Lexington, for appellant.

Darrell B. Hancock, Lexington, for appellees.

SIMS, Judge.

The sole question before us on this appeal is whether Charles F. Latham, Sr., at the time of his death was an independent contractor or an employee of appellant, New Independent Tobacco Warehouse Company (hereinafter referred to as the company) within the meaning of the Workmen's Compensation Act, KRS Chapter 342.

The Workmen's Compensation Board found Mr. Latham was an employee and awarded his dependent widow the maximum sum allowed under the Compensation act, since his earnings were sufficient to justify that amount. The circuit court affirmed the award of the Board and the company has appealed. As there is no contrariety in the facts, the Board's finding is one of law and not of fact and is reviewable by the courts. Stout v. Elkhorn Coal Co., 289 Ky. 736, 160 S.W.2d 31; Colum- bus Mining Co. v. Pelfrey, Ky., 237 S. W.2d 847.

The record shows Mr. Latham at the time of his death was 82 years of age and was an architect and building supervisor, specializing in tobacco warehouses. The company's business was selling loose leaf tobacco at auction over the floors of its several warehouses and Latham did no work connected with the sale of the tobacco and seems to have planned and supervised the building of several warehouses for the company. In March 1952, Latham was employed by the company through its President, John L. Buckley, to draw plans for a new tobacco warehouse to replace one which had been destroyed by fire the previous December; also, to supervise its construction.

Mr. Latham was a fine and competent man in whom the company and Mr. Buckley reposed complete confidence. Buckley testified that Latham had worked for him for 35 or 40 years and he never had a formal contract in his life with Latham and did not have one with him in this instance. Latham was subject to the company's and Buckley's orders and instructions and could have been dismissed at any time while on this job. No deductions were made against Latham for social security or City of Lexington payroll tax, and he never signed the compensation register at any time while in the employ of the company. He supervised the work of the building contractors and worked the same hours they did five days a week and was to be paid a lump sum for the job, but on a time basis with Latham keeping his own time. As Buckley expressed it, "Whatever he said we done."

On September 3, 1952, Latham lost his balance, fell from the building, the construction of which he was supervising, and as a result of the fall died within thirty minutes or an hour after he was taken to the hospital. After his death the company paid Mrs. Latham, administratrix, $3,000 representing her husband's wages from March 1, to September 3, 1952, he having drawn $350 during that period. When

asked what was Latham's weekly wages, Buckley replied, "It would be awfully hard to establish a weekly wage. * * * We wouldn't expect a man of his ability to work for less than, say, $50 a week. * * It was our expectation to pay him more."

The referee and the full Board appear to have based their finding that Latham was an employee on the fact that he worked under the orders of Buckley and the company; that he could be discharged at any time with no obligation upon the company for his future pay; that he worked the same hours as the contractors and he was not paid on a job basis and employed none of the men working under him.

In the very recent case of Sam Horne Motor & Implement Co., Inc., v. Gregg, Ky., 279 S.W.2d 755, appears a full discussion on the question of whether one is an employer or an independent contractor. The opinion lifts from the Restatement of the Law of Agency § 220(2) nine of the most significant factors to be considered in determining whether one is an employee or an independent contractor. We will not consume the time and space necessary to again set out these factors or to discuss them, but will only refer to those which bear on the case at hand.

■ The primary test in determining the status of a workman, is whether the employer has the right of control over the worker. In the present case Buckley and Latham had daily conferences concerning the work. This demonstrates Latham gave the orders rather than received them. These daily conferences merely represented the company's right to see that the work was progressing according to the plans and specifications and does not militate against the idea Latham was an independent contractor. Madisonville H. & E. R. Co. v. Owen, 147 Ky. 1; 143 S.W. 421. Whose plans and specifications was Latham following? His own. Thus, he represented the will of the company only as to the result of his work and not as to the means by which it was to be accomplished. Harmount & Woolf Tie Co. v. Baker, 251

Ky. 795, 66 S.W.2d 45. The fact Latham could be discharged at any time has no bearing upon his status in view of the nature of his work, since it is generally acknowledged professional men may be discharged before their work is completed.

Appellant was engaged in the business of selling loose leaf tobacco. Latham had no connection with tobacco, but rather was a consulting architect and supervisor of construction. It is contemplated in KRS 342.005 that a servant shall be engaged in the "same occupation or business" as his employer. Lackey v. Industrial Commission of Colorado, 80 Colo. 112, 249 P. 662. The obvious implication is that when a company hires a specialist to do work that is foreign to the employer's trade or business, the workman is an independent contractor. If the company had had servants capable of designing and supervising the erection of the warehouse, Latham would not have been hired.

■ The general rule is the services of a professional man, such as a lawyer, doctor, architect or supervising engineer are rendered under an independent contract rather than under the relationship of master and servant. Lewis v. Morgan, Ky., 252 S.W.2d 691 (accountant); Associated Indemnity Corp. v. Industrial Accident Comm., 56 Cal.App.2d 804, 133 P.2d 698 (lawyer); Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384 (consultant engineer). In the present case Latham was hired because of his professional skill. There is no evidence in this record to rebut the presumption that he was hired as an independent contractor.

The duration of the employment is an important factor in determining the status of a workman. When a workman is hired to do one particular job it is indicative of an independent contract. Servants are usually hired for a continuing character of work and assigned numerous tasks during their employment. By these standards Latham was not a servant.

■ "Generally, any specialized or professional services rendered other than by

one engaged for fixed hours at a fixed recompense are not within the compensation act." 1 Schneider Workmen's Compensation Law, 2d Ed. 198; Associated Indemnity Corp. v. Industrial Accident Comm., 56 Cal.App.2d 804, 133 P.2d 698. Buckley testified, "As a matter of fact, we let him keep his own time and set his own price." This negatives any idea Latham was a salaried employee. The fact Latham supervised the construction every working hour of every working day merely shows the meticulousness with which he did his work; it does not change his status as an independent contractor.

Patently, the intention of the parties will throw some light on Latham's status. Buckley testified Latham was an employee. However, upon cross-examination he admitted Latham did not sign the workmen's compensation register; that no deductions were made from Latham's earnings for taxes, or Social Security purposes. These factors indicate the company did not treat Latham as an employee.

Mrs. Latham received $3,000 from the Company and released it from any claim her husband had "on account of work done and claim for salary." Appellee argues this shows Latham was a salaried employee. In the first place this contention is rebutted by the fact the company failed to treat Latham as an employee in that it did not make the standard employee deductions from his checks. Secondly, there is no evidence he drew a salary, quite the contrary. As previously noted, Latham was to "set his own price." Finally, Latham drew only $350 during the six months he worked for the company. This is hardly the conduct of a salaried employee.

"Whether a person is an independent contractor or not is of course to be determined by a consideration of all the facts and circumstances proven in the case * * *." White v. Olive Hill Brick Co., 169 Ky. 834, 185 S.W. 107, 108.

After considering all the applicable factors referred to in Horne v. Gregg, Ky., 279 S.W.2d 755, it is obvious Latham was hired as an independent contractor because of his particular skill to design and supervise the construction of this tobacco warehouse.

The judgment is reversed with directions that the circuit court remand the case to the Board for an order consistent with this opinion.

MILLIKEN, J., dissents.

MILLIKEN, Judge (dissenting).

In the majority opinion many of the elements necessary to constitute an employee relationship are mentioned, and the conclusion of the Board thus has evidence of substance to support it. The elements quoted from the Restatement of the Law of Agency represent an analysis of common law relationships in an effort to determine, for example, whether an individual was a servant so that the master could be made liable for his acts. However, Workmen's Compensation laws are social in purpose, and the employer or master is relieved of unlimited common law liability to his employee by assuming a limited liability to him regardless of fault. As a consequence, the standard for determining whether an individual is an employee for purposes of Workmen's Compensation is, and should be, much more elastic than the standard applied for determining whether an employer is responsible for the acts of another person, which in turn is determined by whether that other person is an employee or an independent contractor.

With this reasoning in mind, it is my belief that the Board had evidence of substance to sustain its finding that Mr. Latham was an employee for purposes of the Workmen's Compensation Act, that the Board's finding should be accepted as final, and, as a consequence, that there is no error of law before this court. In this sort of case an error of law does not arise if we assume there is evidence of substance to sustain the Board's findings. But, even if our difference in viewpoint with the

Board be denominated an error of law, we have been admonished by statute since 1950, KRS 342.004, to construe the Workmen's Compensation Act liberally "on questions of law, as distinguished from evidence, and the rule of law requiring strict construction of statutes in derogation of the common law shall not apply * * *."

It seems to me that this 1950 amendment to the Workmen's Compensation Act was designed to cover just such a case as the one before us, and that this court should sustain the Board in the case at bar however much we may differ as to whether Mr. Latham was an employee or an independent contractor.