**Joe HOBSON, Appellant,**

v.

**Ray HOWARD, Chairman of Floyd County Board of Education et al., Appellees.**

Court of Appeals of Kentucky.

April 26, 1963.

Charles L. Hobson, Frankfort, J. B. Clarke, Prestonsburg, for appellant.

W. W. Burchett, Clifford B. Latta, Prestonsburg, for appellees.

WADDILL, Commissioner.

Appellant was employed by the Floyd County Board of Education to serve as its attorney for the school year of 1960–61 and was to receive a salary of $125.00 per month. At its January, 1961, meeting the Board created and filled certain administrative positions within the school system without obtaining the recommendation of the County School Superintendent. Appellant was of the opinion that the Board could not legally make these changes and upon the insistance of the superintendent he filed an action which resulted in the Board's being prohibited from effectuating its intended changes. At its next meeting the Board voted to discharge appellant and to employ another attorney for the remainder of the school year.

Subsequently appellant brought the instant action seeking to have the order of the Board discharging him declared invalid on the ground that the Board could not arbitrarily terminate his employment because he was a "public school employee" within the meaning of KRS 160.380. Appellee filed a motion to dismiss the complaint alleging that it failed to state a claim upon which relief could be granted. The motion was sustained by the court.

The complaint raised the presumption, which was recognized in New Independent Tobacco Warehouse No. 3 v. Latham, Ky., 282 S.W.2d 846, that a professional man is an independent contractor. There is nothing in the record to effectively rebut this presumption. Moreover, the court could take judicial knowledge of the fact that the Board was only one of appellant's numerous clients. In our opinion the trial court correctly concluded that the record disclosed that there existed between the Board and the appellant the traditional relationship of attorney and client and that since appellant was an independent con-

tractor he could not be a "public school employee."

Having decided that appellant's employment status with the Board was that of an independent contractor, the fact that he filed a suit against the Board justified the Board in discharging him as its counsel.

In view of our conclusions herein the contention of appellant that his successor could not be employed by the Board without the recommendation of the superintendent has no merit.

Judgment affirmed.