**Betty Jo MULLINS, Administratrix of the Estate of Roscoe Mullins, Appellant,**

v.

**WESTERN PIONEER LIFE INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Oct. 29, 1971.

W. M. Melton, Hazard, Denver Adams, Hyden, for appellant.

J. W. Craft, Jr., and Hoover Haynes, Hazard, Wilbur Earl Dean, Wilbur Earl Dean, Jr., and Lee Miller Dean of Dean, Dean and Dean, Harrodsburg, for appellee.

CULLEN, Commissioner.

While engaged in performing a service for Maggard and Maggard Timber Company, Roscoe Mullins was killed accidentally. The timber company had a group insurance policy with Western Pioneer Life Insurance Company which provided a benefit of $13,500 for accidental death of any *employe* of the timber company. Mullins' administratrix brought action against the insurance company to recover the benefit, alleging that Mullins was an employe of the timber company at the time of his death. The case was tried before the court without a jury. The court found upon the evidence that Mullins was an independent contractor and not an employe of the timber company, and entered judgment dismissing the claim. The administratrix has appealed.

In substance, the evidence was that Douglas Maggard, operator of the timber company, brought some broken parts from a bulldozer to the commercial automobile garage of which Mullins was an operating mechanic, and engaged the services of Mullins to repair the parts by electric welding. Mullins welded the parts but they gave some appearance of having become warped in the process, so Mullins undertook to return with Maggard to the place where the bulldozer was, to see whether the parts would fit. The trip was made in a pick-up truck owned by Maggard. A number of tools and some equipment owned by Mullins were carried along in the truck. In endeavoring to fit the parts back into the bulldozer some additional breaking occurred, and it was decided that the parts must be taken back to Mullins' garage for further electric welding. On the trip back some of the tools and equipment fell from the back of the truck. The truck was stopped and Maggard and Mullins picked up the tools and equipment and placed them in the back of the truck. They were in the process of fastening the tailgate when an automobile came along the highway and ran into them, causing Mullins' death.

In a number of cases this court has given recognition to the factors that were set forth in Section 220(2) of the Restatement of the Law of Agency (and which in main substance have been carried forward in Restatement of the Law of Agency 2d) to be considered in determining whether a person acting for another is a servant or an independent contractor. See Sam Horne Motor and Implement Co. v. Gregg, Ky., 279 S.W.2d 755; Ambrosius Industries v. Adams, Ky., 293 S.W.2d 230. There are nine factors listed. Without elaboration, it is sufficient for us to say that by reference to each of the last eight of them Mullins clearly would fall in the category of an independent contractor. The remaining factor (the first one) is the right of control over the details of the work. It generally is considered to be the most important one. See Turner v. Lewis, Ky., 382 S.W.2d 624. The appellant argues that by reference to that factor Mullins was an employe of the timber company. The appellant says that the work involved Maggard's bulldozer and Maggard's truck, over both of which Maggard had control, and that Maggard was the one who made the decisions as to what was to be done.

We think the argument that Maggard had the right of control over the details of the work is without merit. The specific work for which the services of Mullins were engaged was the satisfactory welding of the broken parts of the bulldozer. Maggard did not purport to have or exercise any control over the details of how the welding was done, this being a matter within Mullins' exclusive competency. The trip to the site of the bulldozer, the efforts to install the parts, and the commenced return trip to Mullins' garage were for the purpose of accomplishing the specific work project of satisfactorily welding the broken parts. Maggard had control over what result he wanted achieved, but Mullins was the one who controlled the details of the work performed to achieve that result.

The judgment is affirmed.

All concur.