Callie SEARS, Appellant,

v.

**OAKWOOD TRAINING FACILITY DEPARTMENT OF HUMAN RESOURCES, Commonwealth of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 26, 1980.

Charles J. McEnroe, Mandt, McEnroe & Polk, Somerset, for appellant.

James S. Carroll, Carroll & Knippenberg, Lexington, for appellee.

Before COOPER, LESTER and WINTERSHEIMER, JJ.

LESTER, Judge.

This is an appeal from a judgment of the Pulaski Circuit Court affirming an opinion and award of the Kentucky Workmen's Compensation Board, which determined that appellant was not an employe of the appellee within the meaning of KRS 342.-640.

Appellant was a sixty-seven-year-old widow receiving Social Security benefits and Railroad Retirement when she became involved in a federally-funded program known as "Foster Grandparents." 42 U.S.C. § 5011 (1973). The stated purpose of the program, involving low-income persons aged sixty or over, is to

> provide supportive person-to-person services in health, education, welfare, and related settings to children having exceptional needs, including services by individuals serving as "foster grandparents" to children receiving care in hospitals, homes for dependent and neglected children, or other establishments providing care for children with special needs. 42 U.S.C. § 5011(a).

Appellant participated in this program, working at the Oakwood Training Facility in Somerset, Kentucky. As part of her duties, she was assigned to two of the residents, trainable retarded children, who she entertained and worked with for approximately four hours per day five days a week. Appellant was required to work twenty hours per week for which she received $1.60 per hour, plus lunch at Oakwood and $1.00 per day for transportation. Other benefits of her work there included coverage under an accident insurance policy and a free annual physical examination.

With respect to the administration of the Foster Grandparents Program in Kentucky, there was testimony that an employe of the Kentucky Department of Human Resources (DHR) was designated as acting director for the program in the Commonwealth. Furthermore, DHR was the recipient of a grant from the federal government for this program, which grant called for one hundred thirty-three volunteers, aged sixty or over, in low-income brackets, to be placed in three state facilities, one of which was Oakwood. Testimony at the hearing also disclosed that Mrs. Sears performed her duties under the direction of an employe of Oakwood.

On September 9, 1977, appellant was required to attend a staff meeting of the foster grandparents and their supervisor at Oakwood. At the conclusion of the meeting, appellant, who was walking to lunch across a concrete playground at the facility, slipped and fell fracturing her left hip. The fracture necessitated hospitalization and surgery for replacement of the upper portion of the hip by a prosthetic device. Subsequent to the surgery, appellant has suffered from a persistent limp and her surgeon testified that there would always be some degree of permanent weakness on her left side. Mrs. Sears herself testified as to her difficulty in movement due to pain and stiffness in her hip. Also, appellant has not returned to the program since her accident nor has she been able to perform her own housework and yardwork as she did prior to her accident.

Appellant argued before the Board that she qualified as an employe under the Workmen's Compensation Act and therefore, was entitled to its benefits. Under the statute, "employes" include "every person ... in the service of an employer under any contract of hire or apprenticeship, express or implied, and all helpers and assistants of employes whether paid by the employer or employe, ..." KRS 342.640(1), and "every person in the service of the state

or of any political subdivision or agency thereof, . . . ." KRS 342.640(3).

Appellee argued successfully before the Board that the appellant was exempted from coverage under the Workmen's Compensation Act as per KRS 342.650(3) which excludes any person "performing services in return for aid and sustenance only, received from any religious or charitable organization." In conjunction with this argument, appellee asserted that a reading of KRS 342.640, upon which appellant relied, shows no mention of volunteers under the Foster Grandparents Program indicating that such a program was not a consideration of the legislature in enacting this statute. Appellee also argued that the money received by Mrs. Sears was in the nature of a "stipend" or reimbursement for out-of-pocket expenses rather than wages. In support of this argument it was noted that the money received was not subject to any tax or charge nor was it to be treated as wages or compensation for purposes of unemployment, temporary disability, retirement, public assistance, or similar benefit payments, or minimum wage laws. 45 C.F.R. § 1208 4–3(6).

The Board, in its findings of fact, stated simply that the appellant was not an employe within the meaning and intent of KRS 342.640. The Pulaski Circuit Court affirmed that finding. We disagree and reverse.

The relationship between the Foster Grandparents Program and the Workmen's Compensation Act presents a case of first impression in the Commonwealth. The facts of this case as gleaned from the transcript of the hearing before the Board would sustain a finding that the appellant was an "employe" for purposes of the Act. Specifically, Mrs. Sears was required to work twenty hours per week at the facility of the appellee. She apparently performed tasks in keeping with the goal of the facility, that is, to train the educable mentally retarded children. She was paid an hourly rate, a payment which she would not have received had she not worked. Finally, the program in which she worked was adminis-

tered through an employe of the Department of Human Resources, a state agency. Such aforementioned facts are determinative of an "employer-employe" relationship. Cf. *Sam Horne Motor and Implement Co. v. Gregg,* Ky., 279 S.W.2d 755 (1955). Any person, including the state or an agency thereof, except one engaged in agriculture, that has in this state one or more employes, is required to comply with the provisions of the Workmen's Compensation Act. KRS 342.630. It is an insignificant fact herein that appellant was covered under an accident insurance policy furnished by Oakwood.

The judgment of the lower court is reversed with directions that the appeal be remanded by that court to the Workmen's Compensation Board for further proceedings consistent with this opinion.

All concur.